273 So.2d 45 (1973)
Alfreda KING
v.
Allen S. SANCHEZ.
No. 5295.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Gilbert V. Andry, III, New Orleans, for defendant-appellant.
Gordon K. Konrad, Gretna, for plaintiff-appellee.
Before REGAN, REDMANN and BOUTALL, JJ.
REDMANN, Judge.
Defendant husband appealed from a 1971 judgment increasing child support payable to his divorced wife for their then 17-year-old daughter. Pending that appeal, La. Acts 1972, No. 98, amending C.C. art. 37, reduced the age of majority from 21 to 18.
We are advised that the husband thereafter by rule obtained a judgment terminating the "child support" to the wife for the now-major daughter and the wife appealed suspensively from that judgment. The first appeal was docketed for hearing but the parties briefed the second. Upon realizing that the judgment of termination was not in the record prepared for the first appeal, they moved to continue the first to be consolidated with the second appeal. We declined the continuance because, as the motion showed, the question whether child support (improperly increased or not) is collectible in a divorce proceeding for a major child is presented in both appeals and, in our view, is dispositive.
Plaintiff points out that a father's obligation to support his "needy descendants" is not owed only during their minority, C.C. art. 229. However, we do not reach the question whether plaintiff's daughter is a needy descendant entitled to support, since plaintiff no longer has the capacity to raise that question for the daughter.
*46 Paternal authority, C.C. art. 216, and tutorship, art. 37 (including the natural tutorship which art. 157 provides for the parent awarded custody, and which results in authority over the "minor", arts. 246 and 250), cease upon the child's majority. Any obligation of support the father owes his major daughter cannot be satisfied by paying the mother, who is no longer empowered to act for her child.
An order for child support, in favor of a spouse awarded custody of a minor child, expires (as does the custody order itself) when the child becomes a major. The parties agree that, if majority terminates the child support, the question of quantum becomes moot.
Accordingly, the appeal is dismissed as moot.