# Richmond

AVERILL B. PAUL v. OSCAR T. PAUL.

March 4, 1974.

Record No. 730303.

Present, All the Justices.

*James R. Sharp* (*Verne L. Hosta; Sharp & Bennett* [D.C.], on brief), for appellant.

No argument or brief filed on behalf of appellee.

HARMAN, J., delivered the opinion of the court.

This appeal arises from the trial court's interpretation of a property settlement and support agreement between Averill B. Paul (complainant or wife) and Oscar T. Paul (respondent or husband) which was executed in November, 1969.

The parties, who were married in 1948, became estranged and in July, 1969, respondent deserted complainant and moved to a sep-

arate residence. In November, 1969, the parties entered into an agreement which recites that its purpose is to settle "all property and other rights and obligations arising out of the marital relationship." In addition to establishing the respective property rights of the parties in their separate and jointly owned property, the agreement makes provision for monthly payments to wife for her support and for the support of the three children of the parties. The child support provision of the agreement provides that husband shall pay wife $175.00 per month for the support of each child "until said children are 21, shall marry, enter or be inducted into the armed forces of the United States, become full-time gainfully employed or otherwise emancipated."

The wife subsequently instituted a divorce suit alleging desertion. The trial court, in decreeing a divorce from bed and board in June, 1970, and in its subsequent decree *a vinculo* in September, 1970, approved, ratified and confirmed the agreement and ordered the parties to fully comply with its terms and conditions.

Code § 1-13.42, which lowered the age of majority from 21 to 18, was enacted by the 1972 General Assembly, Acts 1972, cc. 824, 825.

In November, 1972, husband filed a petition with the trial court reciting that two of the three children of the parties had attained age 18 and thus were "otherwise emancipated" and asking the court to relieve him of further support payments to the wife for the two older children under the November, 1969, agreement.

The trial court interpreted the contract and found, as a matter of law, that the two older children had become "otherwise emancipated" by virtue of Code § 1-13.42 and decreed that the respondent was relieved of making further child support payments to the wife for the two older children.

We granted an appeal to review this holding of the trial court. The dispositive question is whether the words "otherwise emancipated" used in the contract include emancipation by a change of law.

As the result of legislative action reducing the age of majority from 21 to 18, the courts of a number of our sister states have been confronted with problems similar to the one presented here. The results reached and the reasons therefor have not been consistent.[1]

---

[1] *Compare, e.g., Wilcox* v. *Wilcox,* 406 S.W.2d 152 (Ky. 1966); *Vicino* v. *Vicino,* 30 Conn. Supp. 49, 298 A.2d 241 (Super. Ct. 1972); *Barbier* v. *Barbier,* 45 Mich. App. 402, 206 N.W.2d 464 (Ct. App. 1973); and *Baker* v. *Baker,* 80 Wash.2d 736, 498 P.2d 315 (1972); *with Garey* v. *Garey,* 482 S.W.2d 133 (Tenn. 1972); *King* v. *Sanchez,* 273 So.2d 45 (La. App. 1973); *Mason* v. *Mason,* 84 N.M. 720, 507 P.2d 781 (1973); and *Shoaf* v. *Shoaf,* 282 N.C. 287, 192 S.E.2d 299 (1972).

But we need not seek outside authority for we find this case to be controlled by the existing law of the Commonwealth.

The complainant's rights are grounded in the contract between the parties which was ratified by the decrees in the divorce proceeding and made enforceable therein.

One of the basic rules of construction of contracts is that the law in force at the date of making a contract determines the rights of the parties under the contract. *Citizens Mut. Bldg. Assoc.* v. *Edwards,* 167 Va. 399, 189 S.E. 453 (1937). The law effective when the contract is made is as much a part of the contract as if incorporated therein. *See Maxey* v. *American Casualty Co.,* 180 Va. 285, 290, 23 S.E.2d 221, 223 (1942).

Another rule of construction that is pertinent here is that new laws, except as to matters of remedy which may be applied retrospectively, are usually presumed to be prospective and not retrospective in their operation. *Duffy* v. *Hartsock,* 187 Va. 406, 417, 46 S.E.2d 570, 576 (1948). This principle of law is recognized in Code § 1-16 which provides that no new law shall affect "any right accrued or claim arising" before the effective date of the new law.

But, as we observed in *Hall* v. *MacLeod,* 191 Va. 665, 62 S.E.2d 42 (1950):

"Ascertainment of the intent of the contracting parties is the cardinal rule in the construction of agreements. To do that the court will put itself in the situation occupied by the parties and look to the language employed, the subject matter and purpose of the parties, and all other pertinent circumstances. Occupying that status, it will apply the language used to the subject matter and object sought to be accomplished and so judge and determine its meaning. [citations omitted]." *Id.* at 671, 62 S.E.2d at 44.

The agreement at issue was executed in November, 1969, when the existing law provided that a person attained his majority at age 21, a fact that was recognized and considered by the parties in their negotiations and in the agreement. The agreement not only provides for support of the complainant and the children of the parties, it also provides for settlement of other rights. Among its provisions is one which provides that the wife will retain possession and occupancy of the jointly owned residence of the parties until three months after the youngest child graduates from high school. Another provision of the agreement requires the husband to pay for and maintain certain life insurance policies on his life until the youngest child becomes 23 and to name a trust for the benefit of the children as beneficiary of

these policies. Still another provision requires both husband and wife to make and keep in effect a will naming the trust as devisee of his or her interest in the jointly owned residence, or the proceeds from any sale thereof, until the youngest child becomes 23. Yet another provision of the agreement requires the husband to provide additional funds "for the college education of the children provided he is at the time financially able to do so."

The trust created for the benefit of the children is irrevocable and continues until the youngest child attains age 30. Until the youngest child attains age 23, the trustees are vested with discretionary powers as to the distribution of both income and principal to the children. Thereafter, the corpus of the trust will be divided into three equal shares, one for the benefit of each child.

Clearly it was the intent of the parties to provide for the children both before and after the children attain their majority.

We think it equally clear that the parties intended that support payments continue until age 21 unless emancipation under the then existing law occurs. Thus we conclude that the words "otherwise emancipated" used in the agreement do not include emancipation by a change of law such as was effected by Code § 1-13.42.

The decree of the trial court will be reversed and a decree will be entered here denying husband's prayer and dismissing his petition.

*Reversed and final decree.*