## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### Norma Faye Jones Eaton v. Peter Thomas Eaton, Sr.

April 28, 1975.

Record No. 740618.

Present, All the Justices.

*George F. Tidey*, for appellant.

*Ivy P. Blue, Jr.*, for appellee.

Compton, J., delivered the opinion of the court.

In this divorce suit, we deal with the effect of legislation lowering the age of majority on a court order for child support.

On May 13, 1971, Peter Thomas Eaton, Sr., the appellee, was granted a divorce from bed and board from Norma Faye Jones Eaton (now Norma Jones Mills), the appellant. The decree provided, *inter alia*, that a copy of a property settlement and support agreement dated April 19, 1971, "be filed with the papers in this cause." The agreement provided for the payment by Eaton of $300 per month to his wife for the support of the child of the parties, Peter Thomas Eaton, Jr., "until he reaches the age of twenty-one years." The decree of divorce from the bond of matrimony was entered on March 31, 1972, and provided that the father pay to the mother "the sum of $200.00 each

month for the care, support and maintenance of his minor son." This decree did not refer to the agreement.

In legislation effective July 1, 1972, the General Assembly enacted Code § 1-13.42 [1] which changed the age of majority from 21 to 18.

On November 20, 1972, upon the father's motion, the Chancellor entered an order requiring payment by the father to the mother of "the sum of $125.00 each and every month for the support and maintenance of the minor child. Such sum is to be paid . . . until the further order of [the] Court."

The child attained the age of 18 years on September 18, 1973. During the preceding month, the father filed a petition and notice asking the court to relieve him of the obligation to pay child support when his son reached his majority. After several continuances, a hearing on the petition was held, and on March 5, 1974, the order appealed from was entered. It relieved the father of any requirement to pay for the support of his son after the son reached the age of 18.

The mother raises two issues on appeal. She argues, first, that we should apply to this suit the rationale of our decision in *Paul v. Paul,* 214 Va. 651, 203 S.E.2d 123 (1974), and hold that the father is required to continue support payments until the son reaches the age of 21. She argues, alternatively, that even if the father's obligation to pay support terminated when the child attained age 18, nevertheless, the trial court erred because of the *nunc pro tunc* nature of the order appealed from. She argues that the monthly payments provided by the November, 1972, order became vested when due and that the Chancellor was

---

[1] "§ 1-13.42. **Age of majority.** — (a) Unless a different meaning appears from the context:

(1) The words *'infant,' 'child,' 'minor,' 'juvenile'* or any combination thereof shall be construed to mean a person under eighteen years of age.

(2) When used to mean or include disability because of age, the term *'person under disability'* shall be construed to mean or include a person under eighteen years of age.

(3) The word *'adult'* shall be construed to mean a person eighteen years of age or over.

(4) The word *'infancy'* shall be construed to mean the state of being under eighteen years of age.

(b) For the purposes of all laws of the Commonwealth including common law, case law and statutory law, unless an exception is specifically provided in this Code, a person shall be an adult, shall be of full age and shall reach the age of majority when he becomes eighteen years of age. (1972, cc. 824, 825.)"

without authority to cancel retroactively the payments which accrued prior to March 5, 1974, and subsequent to September 18, 1973, the child's 18th birthday.[2] We disagree with both of these contentions and affirm.

■ Jurisdiction in divorce suits is controlled entirely by statute. *Jackson* v. *Jackson*, 211 Va. 718, 719, 180 S.E.2d 500 (1971). Our divorce laws give the court authority to provide for the maintenance and support of "minor children." Code §§ 20-103, -107. When the court entered its support order in November, 1972, "minor children" meant those under the age of 18 years, as the result of the enactment of Code § 1-13.42. This order was a "new decree" for child support. Code § 20-108. This order, and not the prior order of March, 1972, which was entered before the change in law, controlled the father's duty to pay support. Therefore, when this child reached his majority on September 18, 1973, the father's duty and obligation to pay support according to the November, 1972, order terminated, the divorce court's statutory authority to provide for support, under these facts, being limited to the child's minority.

The rationale of *Paul* is not applicable here. In *Paul*, a 1969 property settlement and support agreement, which, in 1970, was affirmed and ratified in the bed and board and final divorce decrees, provided that the father would make support payments for three children " 'until said children are 21, shall marry, enter or be inducted into the armed forces of the United States, become full-time gainfully employed or otherwise emancipated.' " 214 Va. at 652, 203 S.E.2d at 124. There, we held that the 1972 legislation lowering the age of majority did not operate to relieve the father from making the agreed support payments for two of the three children who had attained age 18. We brought to bear upon that agreement the basic rules for construction of contracts. We also applied the rule of statutory construction that new legislation is usually presumed prospective and not retrospective in its operation, noting Code § 1-16, which provides that no new law shall be construed to affect "any right accrued, or claim arising" before the new legislation takes effect. Accordingly, we held that the parties to the *Paul*

---

[2] Apparently, although it is not clear from the record, the father ceased making his support payments on September 18, 1973.

contract intended child support payments to continue until age 21 unless emancipation, under the law as it existed in 1969, occurred. We concluded that the words "otherwise emancipated," used in the agreement, did not contemplate emancipation by a change of law such as was effected by the 1972 legislation in question.

In the present suit, there is no reason to construe the contract and to ascertain the intention of the contracting parties. The agreement of the parties is only incidentally involved, because, insofar as its effect on the divorce suit is concerned, the contract provisions pertaining to child support were supplanted by subsequent court orders in the divorce suit dealing specifically with that subject. In *Paul*, the agreement was directly involved because the trial court had ratified and affirmed it. The court had ordered the parties to comply with the agreement, and there were no subsequent support orders supplanting the contract provisions. Moreover, the issue presented in *Paul* dealing with a retroactive application of new legislation does not arise in this suit. In the present case, the July, 1972, change in law operated prospectively upon the November, 1972, order when the child reached the age of 18 in September, 1973.

In support of her alternative position, the wife relies on the rule that Code § 20-108, which authorizes the court to revise and alter a decree concerning child support, does not permit the cancellation of arrears in support money. The rationale of that principle is that the "statute relates to future installments for the support of children and that the past installments become vested and are immune from change." *Cofer* v. *Cofer*, 205 Va. 834, 839, 140 S.E.2d 663, 667 (1965); *accord, Carter* v. *Carter*, 215 Va. 475, 211 S.E.2d 253 (1975); *Fearon* v. *Fearon*, 207 Va. 927, 154 S.E.2d 165 (1967). But the application of that rule presupposes jurisdiction over the child, and it is not relevant under the present facts. As we have demonstrated, *supra*, the divorce court's jurisdiction over the child is eliminated *ipso facto* when the child reaches his majority. Moreover, the same event terminates, by operation of law, the prospective effect of the judicial support decree. The statutory limitation on the divorce court's authority to order payment of the child support cannot be nullified by the entry of a support order during minority.

We, therefore, hold that under the order in this suit entered November 20, 1972, which provided for the payment monthly of

support for one child "until the further order of [the] Court," the payments did not accrue subsequent to the attainment of the child's majority, and no further decree was necessary to terminate them. The order ceased to be effective at majority without a judicial act.[3] *Clark* v. *Clark,* 191 Kan. 95, 102, 379 P.2d 240, 246 (1963); *Van Tinker* v. *Van Tinker,* 38 Wash.2d 390, 391-92, 229 P.2d 333 (1951); *Boehler* v. *Boehler,* 125 Wis. 627, 629-30, 104 N.W. 840 (1905). *See* Annot., 162 A.L.R. 1084.

For these reasons, the decree of the trial court is

*Affirmed.*

---

[3] Caveat. This suit does not involve a lump sum award for several children of different ages nor does it involve a unitary award for alimony and child support. In such cases, a judicial proceeding at majority may be necessary to establish the extent of the parent's liability under the undivided award.

In addition, we are not directly concerned here with enforcing the terms of an agreement of the parties respecting child support which has been affirmed and ratified by the court in the divorce suit, as we have heretofore indicated.