## Richmond

CLARENCE F. MEREDITH v. CARMEN G. MEREDITH, ETC.

March 5, 1976.

Record No. 750627.

Present, All the Justices.

*Paul M. Lipkin (Samuel Goldblatt; Goldblatt, Lipkin, Cohen, Anderson & Jenkins*, on brief), for appellant.

No brief filed on behalf of appellee.

Per Curiam.

In this appeal, we again determine the effect of the statute lowering the age of majority on a court order for child support.

By decree entered March 13, 1970, the trial court granted Carmen G. Meredith (now Carmen G. Myer), the appellee, a divorce *a vinculo matrimonii* from the appellant, Clarence F. Meredith, on the ground of desertion. The decree awarded custody of Jose Meredith, infant son of the parties, to the mother, and ordered the father to pay for the "support, maintenance and education" of the child the sum of $100.00 each month, "to be changed only by further order" of the court. The decree also provided that a Stipulation and Agreement of the parties, dated January 2, 1970, "shall remain in full force and effect and become a part of this Decree".

The Stipulation and Agreement required the husband to support the child "until such child shall reach his majority . . . ." Code § 1-13.42, effective July 1, 1972 (Acts 1972, cc. 824, 825), changed the age of majority from 21 to 18. The father petitioned the trial court for termination of child support payments as of January 19, 1975, when the child would become 18 years of age. Meredith appealed the decree entered February 6, 1975, which denied his petition on the ground that under the Stipulation and Agreement the child was vested with the legal right to be supported by his father until he attains the age of 21, marries, dies or otherwise becomes emancipated.

By petition subsequently filed with us Meredith represented that he was then serving in the United States Navy at Guantanamo Bay, Cuba, and could not post the required supersedeas bond, but that he was making his child support payments and would continue to do so until his appeal was decided, and thereafter if it was decided unfavorably to him. We thereupon vacated the supersedeas previously ordered and permitted the appeal to be perfected without a supersedeas bond.

We have recently considered, in two cases, the effect of Code § 1-13.42 on court orders for child support. In *Paul* v. *Paul*, 214 Va. 651, 203 S.E.2d 123 (1974), an agreement between the parties provided that the father would make child support payments until the children became 21, married, entered the armed services, or became employed full-time or "otherwise emancipated". By final divorce decree entered in 1971 the trial court affirmed and ratified the agreement and ordered the parties to comply with its terms. We held that the parties intended the support payments to continue until the children attained the age of 21, that the children were not, therefore, "otherwise emancipated" by the 1972 statute lowering the age of majority, and that the intent of the parties would be upheld.[1]

In *Eaton* v. *Eaton*, 215 Va. 824, 213 S.E.2d 789 (1975), there was a 1971 agreement providing for support until the child became 21, but the agreement, although filed with the papers in the cause, was not ratified or affirmed by the trial court, and was supplanted by subsequent court orders reducing support payments. After the effective date of the 1972 legislation the court merely ordered reduced support for the child to be paid "until the further order of [the] Court". We

[1] Cases from other jurisdictions to the same effect include *Hastings* v. *Hastings*, 328 A.2d 782 (N.H. 1974); *Barbier* v. *Barbier*, 45 Mich. App. 402, 206 N.W.2d 464 (1973); *Collins* v. *Collins*, 418 S.W.2d 739 (Ky. 1967).

held that it was unnecessary to construe the supplanted agreement, which was only incidentally involved; that the trial court's jurisdiction over the child was eliminated when the child attained his majority at 18 years of age; that the father's liability for support payments under the court order terminated, without further action by the court, when the child reached the age of 18 in 1973; and that no such payments accrued thereafter.

Here, we must construe the Stipulation and Agreement because it was incorporated into the final divorce decree entered by the trial court. Meredith contends that the agreement shows no intent to provide support after the child has attained his majority, as determined by the General Assembly. We agree.

Unlike the agreement in *Paul*, the Meredith agreement did not provide for child support payments to continue until the child became 21 years of age. No specific age for termination was set forth, but payments were required until the child reached his majority. In the *Paul* agreement there were also certain other provisions made for the children showing the intent of the parties to require some child support by the father after the children became 21 years old. No such provisions were included in the present agreement. Indeed, from the wording of the agreement we conclude that the parties intended not to extend Meredith's duty of child support beyond the period within which, in the absence of an agreement, he would have been liable under Virginia law for such support.

We agree with the conclusion reached in *Shoaf* v. *Shoaf*, 282 N.C. 287, 192 S.E.2d 299 (1972). There, child support payments were required until the child reached his majority. Subsequently, the age of majority was lowered from 21 to 18. The North Carolina Supreme Court held that majority or minority is a status rather than a vested right and is subject to change by the legislature, and that the court had no power to require child support beyond the age of 18, the age precisely fixed by law for the emancipation of children and the termination of parental liability for their support. To the same effect is *Mason* v. *Mason*, 84 N.M. 720, 507 P.2d 781 (1973). *See also Parker* v. *Parker*, 497 S.W.2d 572 (Tenn. 1973); and *Whitt* v. *Whitt*, 490 S.W. 2d 159 (Tenn. 1973).

We hold that the trial court erred in ruling that Meredith was required under the Stipulation and Agreement, incorporated by reference into the divorce decree, to make child support payments after the child became 18 years of age.

*Reversed and final decree.*