## CIRCUIT COURT OF HENRICO COUNTY

Latanya Lee Averette

    v.

Otis Seabron, Jr.

June 17, 1976

Case No. 76 M 139

### By JUDGE E. BALLARD BAKER

The first question is whether § 20-61.1, adopted in 1972, applies with respect to a paternity action where the child was born February 17, 1970. At that time, § 20-61.1 allowed a court to find paternity only upon the admission of the father, either in court or in writing under oath. In 1972, the section was amended to permit such a finding:

> . . . if it be shown by other evidence beyond reasonable doubt that he is the father of the child and that he should be responsible for the support of the child . . .

The 1972 amendment limited "such other evidence" to (1) evidence of open cohabitation for ten months prior to the birth, (2) consent to a physician for use of his name on the birth certificate, (3) allowing by general course of conduct the common use of his surname by the child, or (4) claiming the child as a dependent in a document filed with any governmental agency. While the amendment did not create a new right to

claim support against an unmarried father, it substantially changed the evidence which could be considered.

New laws, except as to matters of remedy, which may be applied retrospectively are usually presumed to be prospective in operation. *Paul* v. *Paul*, 214 Va. 651 at 653; *Ferguson* v. *Ferguson*, 169 Va. 77 at 85.

Section 1-16, provides that:

> No new law shall be construed to repeal a former law . . . as to any act done . . . or any right accrued, or claim arising under the former law, or in any way whatever to affect any such . . . act so committed or done . . . before the new law takes effect . . .

While remedial acts relating to procedures can be given retrospective effect, 17 M.J., *Statutes*, §§ 73, 74, it seems to me that statutes should not be interpreted so as to give a different legal effect to acts committed prior to its passage, unless such is the clear intent of the legislature. 74 Am. Jur. 2d, *Statutes*, §§ 348, 349. Section 1-16 seems clearly to put Virginia in accord with that statement.

Sections 1 and 2 of § 20-61.1, if applied to events prior to the 1972 amendment, would give a legal effect to those actions different from the legal effect when the actions were done. I do not believe those provisions can have retrospective effect.

Sections 3 and 4 of § 20-61.1, relate to actions which could occur prior to the 1972 amendment or after the amendment. I do not believe that actions under these sections prior to the amendment can be considered, but I see no reason why actions within the provisions of these sections cannot be considered in respect to a child born prior to the amendment where such actions occur subsequent to the amendment.

As applied to this specific case, §§ 1, 2 and 4 of § 20-61.1, are not shown applicable under the evidence in any event. The question is whether, after July 1, 1972, it has been shown, beyond reasonable doubt, that Otis Seabron, ". . . allowed by a general course of conduct the common use of his surname by the child . . ."

After July 1, 1972, the mother continued the use of the name Seabron for the child. At a time three or four years ago, the mother made a claim for support for the child, using the name Seabron, and this the defendant knew. He denied support at that time, saying the child was not his. In September, 1975, the child was entered in a child care center under the name "Seabron," which the defendant knew. The name "Seabron" appears on the birth certificate, and while this is not admissible to establish paternity under Section 20-61.1(2) because prior to 1972, at no time to date has the defendant taken any steps to have the certificate amended. V. C. 32-353.24. The defendant acknowledged that the mother referred to the child as a Seabron to him at various unstated times.

The defendant says that the mother used the name Seabron as her own when, and after, the child was born and had identification cards in that name. He assumed she had legally changed her name, and this supports an argument that the use of Seabron as the child's name is the use of the mother's name, not the defendant's. The mother married in March 1972, and the use of the Seabron surname for the child after July 1972, was at a time when the mother's name was Averette. Just when the defendant became aware of her marriage is not shown, but it does appear that he was,subsequent to the marriage, approached on the question of adoption, was advised of the claim for support "three or four" years ago, and knew the child was entered in a child care center under the Seabron name.

There are not too many instances in which the surname of a young child is used. It does appear on a birth certificate, and such certificate is available for use to establish age. The surname is used in requests for support, for entry into school, and usually for receipt of medical attention. It can be used on social occasions, Sunday school attendance, and the like. What has to be done before it can be said that a man ". . . allowed by a general course of conduct the common use of his surname by the child . . ." is a difficult question to answer. And, if that be shown, does such evidence establish "beyond reasonable doubt" that he is the father?

There is but one clear use of the name Seabron after July 1972, and that is the entry of the child in the child care center. The claim for support three or four years ago is not necessarily after July 1972, and this claim was met with a denial. The suggestion for adoption does not add anything. The birth certificate remained, and has not been shown to have been used.

Under the facts here, I cannot conclude that the defendant has allowed by a general course of conduct the use of his surname by the child. Such evidence as has been presented as to events after July 1972 does not establish beyond reasonable doubt that the defendant is the father.

Had I felt it proper to consider conduct prior to July 1972, the conclusion would be different. The defendant paid the hospital bill, knew the name Seabron had been used, gave things to the mother for the child, knew the child referred to his mother as "Granny," and was aware that the mother said it was his child. However, as I do not believe that the 1972 amendment can give to these actions a legal effect different from the effect at the time the actions were taken, I do not believe they can be considered.