217 Va. 534 (1976)
WILLIAM H. MACK
v.
ENID WILLIAMS MACK.
Record No. 751335.
Supreme Court of Virginia.
November 24, 1976.
Edward L. Breeden, III (Breeden, Howard & MacMillan, on brief), for appellant.
William A. Cox, III (Edwin C. Kellam; Kellam, Pickrell and Lawler, on brief), for appellee.
Present, I'Anson, C.J., Harrison, Cochran, Harmon, Poff and Compton, JJ.
1. When all provisions of agreement, incorporated into divorce decree, are considered there is no showing of intent of parties for the father to provide support for children after they were minors.
2. Extrinsic evidence, even if admissible, is obviously in direct conflict and has no value in search for intent of parties.
3. Contract fixes no specific time when father's obligation to pay child support is to terminate. Minority is a legal status subject to change by the legislature rather than a vested right. Error to require father to continue payments for support of "minor child" until child reaches 21 years of age.
Appeal from a decree of the Circuit Court of the City of Norfolk. Hon. Edward L. Ryan, Jr., judge presiding.
COMPTON
COMPTON, J., delivered the opinion of the court.
We again consider the effect of the 1972 statute lowering the age of majority on a court order for child support. See Meredith Meredith, 216 Va. 636, 222 S.E.2d 511 (1976); Eaton Eaton, 215 Va. 824, 213 S.E.2d 789 (1975); Paul Paul, 214 Va. 651, 203 S.E.2d 123 (1974).
The January 1961 final decree divorcing these parties from the bond of matrimony provided, inter alia, that a June 15, 1960 written agreement between the parties: *535 
}". . . is hereby confirmed and ratified in all respects and is expressly incorporated by reference into this decree and made a part hereof, the same as if written herein." The foregoing agreement in pertinent part provided:
{"The party of the first part [appellant-father] agrees to pay to the party of the second part [appellee-mother] for the support, maintenance and education of the two minor children the sum of $300.00 per month and to pay to the party of the second part the sum of $100.00 per month for her maintenance and support. . . . It is hereby requested, provided and agreed that the provisions hereof in regard to the support of the children of the parties are subject to change in the event of a change of the circumstances of the parties."
In May 1971, after the older child of the parties reached her majority of 21 years, the trial court interpreted and applied the agreement, and ordered that the sum of $225 per month be paid by the father to the mother for the support of the younger child, who was then fourteen years of age, "until the further order of [the] Court." Subsequently, the age of majority was changed from 21 to 18 by enactment of the General Assembly effective July 1, 1972 (Acts 1972, cc. 824, 825). Code | 1-13.42.
Thereafter, the father filed a petition asking that effective February 16, 1975, the date the younger child became 18, the trial court relieve him of the duty to make further child support payments. Following a hearing, the court below on August 20, 1975 denied the father's request and ordered him to continue to make support payments for the benefit of the younger child until the child reached 21. The appeal which we granted the father from the foregoing order requires us to construe the June 15, 1960 contract to determine whether the parties intended the support payments in issue to continue until the child attained the age of 21 years.
 This is not an Eaton case; it is more akin to Meredith, decided after the ruling appealed here, than Paul, and we reverse.
In Paul, relied upon by the mother, we held that the 1972 enactment lowering the age of majority did not operate to relieve the father from making the agreed support payments for two children who had attained age 18. There, the court-approved 1969 agreement provided for support payments to be made until *536 the children became 21, were married, entered the armed forces, became employed full-time, or were "otherwise emancipated." 214 Va. at 652, 203 S.E.2d at 124. In Meredith, relied upon by the father, we relieved the father of his obligation of support when the child became 18; we concluded the parties did not intend to continue the father's duty of child support "beyond the period within which, in the absence of an agreement, he would have been liable under Virginia law for such support." 216 Va. at 638, 222 S.E.2d at 512. There, the 1970 contract which was incorporated into the final divorce decree required the father to support the child "until such child shall reach his majority." 216 Va. at 637, 222 S.E.2d at 511.
In contrast to Paul and Meredith, the Mack agreement provides for support of the "minor children" of the parties. The father argues, and the mother agrees, the word "minor" is used in this contract as an adjective modifying "children" and that such use of "minor" should not be interpreted as a "contractual undertaking" on the father's part. The mother maintains, however, that when all the provisions of the agreement are considered along with the extrinsic evidence, it is obvious the parties intended the father to support the younger child until the child becomes 21. We do not agree.
We first turn to the contract. In addition to the foregoing provisions relating to child support, the parties also agreed upon: child custody and visitation, immediate divestment of the parties' respective interests in their jointly-owned realty and personalty, a lump-sum cash payment to be made by one party to the other on or before November 1, 1960, alimony to be paid by the husband to terminate ten years from the date of the agreement, and, extension of the father's life insurance coverage, with the mother and two children remaining as beneficiaries under the policy. These provisions are similar to the "other" provisions in the Meredith agreement, 216 Va. at 638, 222 S.E.2d at 512, as disclosed by an examination of the Meredith record, but are dissimilar to the "other" provisions of the Paul agreement, which showed the intent of the parties for the father to provide support for the children even after they attained the age of 21. 214 Va. at 653-54, 203 S.E.2d at 125.
 As the mother urges, we shall also examine the extrinsic evidence, presented over the father's objection and not mentioned by the chancellor in his written opinion. We will
537 assume, but not decide, the evidence was admissible. The mother's evidence showed the parties contemplated the father would support both children until they each obtained a college education and became self-supporting. The father testified, however, the parties never intended he would be obligated to provide child support beyond the time when his legal obligation therefor ended. This extrinsic evidence, even if admissible, is obviously in direct conflict; we therefore cast it aside as having no value in our search for the intent of the parties.
 Accordingly, we return to the contract which, unlike the agreements in Paul and Meredith, fixes no specific date or time when the father's obligation to pay child support is to terminate. Even though the law existing when the contract was executed in June, 1960, specified 21 years to be the age of majority, the terms of the agreement fail to demonstrate the parties relied on such fact. Cf. Paul, 214 Va. at 653, 203 S.E.2d at 125. Consequently, and because minority is a legal status subject to change by the legislature rather than a vested right, 216 Va. at 638, 222 S.E.2d at 512, we hold the parties intended that Mack's duty to support his "minor" children terminated on the day when, in the absence of any agreement, his legal liability for such support under Virginia law ended -- and that was February 16, 1975, this child's 18th birthday.
For these reasons, the trial court erred in requiring the father to continue child support payments until the child reaches 21 years of age. We will therefore reverse the order appealed from and enter a decree relieving the father of any requirement to pay child support after the child reached the age of 18.
Reversed and final decree.