## CIRCUIT COURT OF HENRICO COUNTY

Gilbert Implements

v.

Carroll Tate

January 19, 1977

Case No. 76-L-136

BY JUDGE E. BALLARD BAKER

By security agreement of May 2, 1975, Gilbert Implements sold a diesel tractor to Carroll Tate for "Total of Payments" of $15,719.44. This figure was made up of the cash price, less trade in, of $11,102.00, and a finance charge of $4,617.44. A provision of this agreement reads as follows:

> *Prepayment Refund*: Debtor may prepay his obligation hereunder in full at any time prior to maturity and any unearned finance charge of $1.00 or more will be refunded based on the "Rule of 78s."

Payments were to be made at the rate of $1,964.93 each six months beginning November 1, 1975. Tate made no payments. On February 25, 1976, Gilbert repossessed the tractor. On April 26, 1976, this suit was filed. On August 27, 1976, Gilbert had the tractor sold, with net proceeds of $9,571.25.

The issues of this Motion for Summary Judgment relate to refund of finance charges and attorney fees, the agreement providing for "reasonable attorney's fees."

Under the agreement, unearned finance charges are refunded if Tate pays the debt "in full at any time prior to maturity." When Tate made no payment on November 1, 1975, Gilbert exercised its right to repossess on February 25, 1976. While final payment was not due until May 1, 1979, default in the first installment gave Gilbert the right to declare the entire balance due. Clearly, Tate has not made payment in full prior to maturity.

Section 6.1–330.35 provides that on acceleration by the holder of an add-on interest note "the lender shall not be entitled to judgment for unearned interest, but the balance shall be computed as if the borrower had made a voluntary prepayment and obtained an interest credit as of the date of acceleration based upon the Rule of 78." This section adopted March 20, 1975, by the General Assembly, became effective June 1, 1975 (1975 Acts, p. 1474). Prior to this, there was no statute which would deny to a seller of personal property judgment for unearned interest. Section 6.1–330 contains a similar provision, but is limited to loans on real estate.

Tate urges that the law in force at time of default, November 1, 1975, should apply to the default and therefore section 6.1–330.35 is applicable. Gilbert, of course, says the law in force at the date of making the contract controls. New laws, except as to matters of remedy which may be applied retrospectively, are usually presumed to be prospective and not retrospective. *Paul* v. *Paul*, 214 Va. 651 at 653 (1974); *Duffy* v. *Hartsock*, 187 Va. 406 (1948); Va. Code § 1–16. While section 6.1–330.35 is talking about the amount of a judgment, I do not think it is to be applied retrospectively. There is no indication from the statute that it should; to do so would seem to impair the obligations of an existing contract.

As to attorney's fees, the agreement does not set out any amount, providing merely for "reasonable attorney's fees." This, of course, is a valid provision. *Schwab etc.* v. *Norris*, 217 Va. 582 (1977), decided by the Supreme Court of Virginia on January 14, 1977, and cases cited there. However, evidence is necessary as to what is reasonable under the circumstances. *Conway* v. *American National Bank*, 146 Va. 357 at 365 (1926). Absent agreement of counsel, there is no way that attorney's fees can be determined at this time. It appears to me, as a matter of law, that Tate is not entitled to any prepayment refund under the agreement, and that Gilbert is entitled to judgment for the full amount, $15,719.44, less $9,571.25, plus reasonable attorney's fees. I am not sure that Rule 3:18 permits summary judgment for this, as the amount of attorney's fees due under the agreement is a part of Gilbert's damages. Rule 3:18 permits an interlocutory summary judgment "as to the undisputed portion of a contested claim" as on "the issue of liability alone." The $6,148.19 claim is disputed, even though it appears that Tate cannot prevail in the dispute.