## CIRCUIT COURT OF ARLINGTON COUNTY

Green

v.

Green

September 21, 1977

Case No. (Chancery) 27722

### By JUDGE CHARLES S. RUSSELL

I have given careful consideration to the questions presented by the Defendant's motion, the arguments heard in open court, the Memorandum of Law filed on behalf of the Defendant, and the Memorandum Opinion of the Juvenile and Domestic Relations District Court, and have reached the conclusion that this Court's jurisdiction to order continuing payments of child support by the Defendant to the Complainant ended when the child became eighteen years of age on May 5, 1977.

The record shows that the parties hereto were finally divorced by decree entered in this court on November 28, 1969, in Chancery 18319. There was no property settlement agreement or stipulation filed among the papers, and the provisions for child support were entirely decretal rather than contractual. The Final Decree directed the Defendant:

> To pay the Complainant the sum of $25.00 per week for the support and maintenance of said minor child, the said payments to commence on the third day of December, 1969, and continue each and every week thereafter *until the child*

*reaches the age of twenty one years or sooner becomes emancipated.* (emphasis supplied)

On August 7, 1972, this Court entered an Order finding the Defendant in contempt for accumulating arrearages in his child support payments, and referred the case to the Arlington County Juvenile and Domestic Relations Court, pursuant to Sec. 20-79(c) of the Code:

for enforcement of the decree concerning custody, support and maintenance of the minor child, or for modification or revision thereof as the circumstances may require, but this Court shall retain jurisdiction as to the finding of contempt.

The Defendant has since become current in his payments and has paid accruing installments into court since the child's eighteenth birthday, pending resolution of this question.

The General Assembly, by Acts of 1972, Chapters 824 and 825, effective July 1, 1972, Code Sec. 1-13.42, changed the age of majority in Virginia from twenty one to eighteen. The daughter of the parties to this suit attained her eighteenth birthday on May 5, 1977. Defendant promptly petitioned the Juvenile and Domestic Relations Court, to which the matter of child support had been referred, as mentioned above, to terminate child support effective May 5, 1977. That court, pursuant to a carefully researched written Opinion, entered an Order on July 26, 1977, denying the motion. The Defendant has returned the case to this court on appeal of that ruling.

The four cases in which the Supreme Court of Virginia has confronted this question, *Paul v. Paul*, 214 Va. 651 (1974), *Eaton v. Eaton*, 215 Va. 824 (1975), *Meredith v. Meredith*, 216 Va. 636 (1976), and *Mack v. Mack*, 217 Va. 534 (1976), all deal with property settlement agreements, or stipulations, between the parties. The results have varied, depending on whether the stipulation of the parties actually contemplated emancipation at age twenty one, pursuant to the state of law existing at the time the contract was made (*Paul v. Paul*), or whether the agreement could be safely disregarded because not ratified by the court and supplanted by later decretal provision (*Eaton v. Eaton*), or whether it was silent

as to age and simply required the husband to support the child "until such child shall reach his majority" (*Meredith v. Meredith*). Implicit in these cases, although not directly expressed, is the underlying foundation of Sec. 11, Article 1 of the Constitution of Virginia, which provides "that the General Assembly shall not pass any law impairing the obligation of contracts." In each of them, the court was careful to avoid any application of Code Sec. 1-13.42 which would produce an unconstitutional result. Here, we are concerned only with the power of the General Assembly to change the legal status of minors from time to time. It was specifically held, in *Meredith v. Meredith, supra*, in accordance with the majority view throughout the country that minority is a legal status subject to change by the Legislature, rather than a vested right. The Court in awarding child support to the Complainant, had only the statutory jurisdiction granted by Code Sec. 20-107, which empowers the Court to provide for the support of "minor children." The divorce court's jurisdiction over the child is eliminated *ipso facto* when the child reaches his majority, *Eaton v. Eaton, supra*. The Legislature has the power to alter the status of minority at any time, without disturbing vested rights. In *Meredith v. Meredith, supra*, the Supreme Court approved the conclusion reached in *Shoaf v. Shoaf*, 282 N.C. 287, 192 S.E.2d 299, a case strikingly similar to this. The North Carolina court held that the authority of the court to require support for a normal child ceased when the legal obligation to support no longer exists; that majority is a status rather than a vested right, that the Legislature has power to change it at will, and that upon the Legislature's change of the age of majority from twenty one to eighteen, the statutory power of the court to require the support of "minor children" is automatically abrogated as to those persons who have attained the age of eighteen.

A draft order reversing the Order of the Juvenile and Domestic Relations Court and directing refund of the interim support payments presently on deposit with the Clerk, has been presented by defense counsel for entry. It will be entered on October 7, 1977, unless the complainant shall theretofore appear and show cause why it should not enter.