In re Robert B. **MITCHELL**, Ellen H. Mitchell, Debtors.

John G. **LEAKE**, Trustee, Plaintiff,

v.

Harriet Watson **MITCHELL**, Robert B. Mitchell, Ellen H. Mitchell, Defendants.

Bankruptcy No. 5–89–00011.

Adv. No. 5–89–00014.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Nov. 20, 1989.

Douglas T. Stark, Harrisonburg, Va., for plaintiff.

Michael Irvine, Buena Vista, Va., for defendants.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision involves a pre-trial motion filed by John G. Leake (Trustee) seeking the entry of an order determining the applicable Virginia law to a complaint to avoid a transfer of real estate as a voluntary conveyance. A hearing was held, by conference call, on September 8, 1989. The Court took the

matter under advisement pending the filing of a memorandum in opposition to the Trustee's motion by counsel for Harriet W. Mitchell, et. als., (Defendants). The matter is now ripe for adjudication.

The Trustee has filed a complaint seeking to avoid, pursuant to 11 U.S.C. § 544(b), the transfer of real property located in Lexington, Virginia from Robert B. Mitchell and Ellen H. Mitchell (Debtors) to Harriet W. Mitchell. The transfer was completed by a deed dated April 21, 1986. In furtherance of his complaint, the Trustee relies on section 55–81 of the Code of Virginia which provides that conveyances not based upon consideration "deemed valuable in law" may be avoided by existing creditors of the transferor. However, an amendment to section 55–81, effective July 1, 1988, added the provision that the party seeking to avoid the transfer must prove that the transferor was insolvent at the time the transfer was made or was rendered insolvent as a result of the transfer. The Trustee's pre-trial motion seeks a determination that the amendment be applied prospectively because the cause of action arose prior to the effective date of the amendment. Accordingly, the Trustee requests that he not be required to prove the insolvency of the Debtors to prevail under section 55–81. The Defendants argue that the amendment is a procedural or remedial change only and maintain that the Court should apply it retroactively.

The general rule states that courts should apply amendments prospectively absent specific statutory language to the contrary. *Ferguson v. Ferguson*, 169 Va. 77, ——, 192 S.E. 774, 776–77 (1937). However, if the amendment affects matters of remedy only then it may be given retroactive application. *Paul v. Paul*, 214 Va. 651, 653–54, 203 S.E.2d 123, 125 (1974). Thus, the Court must determine whether the Virginia General Assembly adopted the 1988 amendment to alter the substantive rights of the parties or merely the remedial mechanisms by which they enforce those rights.

Substantive rights deal with the "creation of duties, rights, and obligations,

as opposed to procedural or remedial law, which prescribes methods of obtaining redress or enforcement of rights." *Brushy Ridge Coal Co. Inc. v. Blevins*, 6 Va.App. 73, 79, 367 S.E.2d 204, 207 (1988). The Court finds that the 1988 amendment to section 55–81 deals with the creation of rights and duties. Prior to the effective date of the amendment, any person who transferred property without receiving consideration "deemed valuable in law" was subject to the provisions of section 55–81. The amendment alters section 55–81 by restricting its applicability to insolvent transferors, thus limiting the rights of creditors and expanding the rights of transferors not found to be insolvent. Thus, the Court holds that the 1988 amendment affects substantive rights. Based upon the foregoing, it is

### ORDERED:

That the 1988 amendment to section 55–81 shall be applied PROSPECTIVELY for the purposes of the above-referenced adversary proceeding. The Trustee shall not be required to prove the insolvency of the Debtors.