## Alexandria

## CHARLES ROBERT WARE

v.

## DAWN MARIE WARE

No. 0070-89-4

Decided May 15, 1990

Counsel

Charles R. Ware, pro se.

Robert J. Zelnick (Szabo, Quinto, Zelnick & Erickson, P.C.; Douglas K. Bergere, on brief), for appellee.

OPINION

**DUFF, J.**—In this appeal we are asked to decide whether appellant's daughter had become "otherwise emancipated" within the contemplation of the parties' separation agreement by virtue of her full-time employment from which she earned $15,260 per annum. The trial court ruled that the daughter's employment did not result in such emancipation and denied appellant's motion to be relieved of further child support payments. Finding such ruling to be erroneous, we reverse and remand with directions to enter an order consistent with the view expressed herein.

Charles R. and Dawn M. Ware were divorced by a final decree *a vinculo matrimonii* entered on November 18, 1982. Incorporated into the decree was a property settlement agreement, dated April 30, 1982. This agreement was drafted on the stationery of Dawn M. Ware's counsel and at argument, Mr. Ware represented that he was without counsel at that time in the proceedings. Custody of the parties' two minor children was granted to their mother, and the agreement required Charles R. Ware to pay $250 per child per month for their support. The specific language pertinent to this appeal obligated such payment "on the first day of each and every month thereafter until the children have reached the age of twenty-one years, married, died, *or become otherwise emancipated*, so long as the children are living at home with the wife and the wife is supporting the children." (emphasis added).

After her graduation from high school, one of the children, Patricia, then seventeen years of age, began working for Mount Vernon Hospital in Alexandria, Virginia, on a full-time basis, earning wages of $7.34 per hour (approximately $15,260 per annum). Her employment was with the knowledge and consent of her mother. The income was paid directly to Patricia, who spent it as she desired. Her mother testified that Patricia was "banking" her wages for future expenses and "luxury items." Patricia continued to live with her mother and took evening and weekend classes at a local community college. Upon learning of his daughter's full-time employment, Charles R. Ware reduced the total monthly child support payment by $250 and moved the court for a decree

that Patricia, now eighteen, had become "otherwise emancipated," as contemplated by the terms of the property settlement agreement. The court denied the motion and this appeal followed.

The narrow issue before us is whether the phrase, "otherwise emancipated," in the property settlement agreement was intended by the parties to include the situation where one of the children became employed full-time. Appellant obligated himself to pay child support until the children reached twenty-one years of age, three years beyond legal maturity. But by the terms of the agreement, this obligation was not absolute; it ceased if a child married, died or no longer lived at home with Mrs. Ware. It also ceased if a child should "became otherwise emancipated."

*Paul v. Paul*, 214 Va. 651, 203 S.E.2d 123 (1974), is instructive in approaching the issue before us. In *Paul*, the Supreme Court held that the intent of the parties at the time of executing a property settlement agreement similar to the one in this case was to provide support until age twenty-one, "unless emancipation under the then existing law" occurred. *Id.* at 654, 203 S.E.2d at 125-26. In *Buxton v. Bishop*, 185 Va. 1, 37 S.E.2d 755 (1946), the Supreme Court held that a twenty-year old son had become emancipated by working away from home, being employed and spending his wages as he alone desired. In *Buxton*, *Williston on Contracts* was quoted, with approval, as follows:

> Such emancipation may be by express agreement or may be shown by the circumstances of the case. Thus if, with his parents' express or implied consent, a minor makes a contract for his services under which he is personally to receive the benefits of the contract, he is thereby emancipated.

■ *Paul* and *Buxton* constituted the law existing in the Commonwealth at the time the property settlement agreement in this case was executed. We hold that the parties intended the phrase, "otherwise emancipated," to contemplate any act of emancipation recognized in law, including the full-time employment of Patricia by which she earned sufficient funds to fully provide for herself.

Accordingly, the order appealed from is reversed and the cause remanded with directions to enter an appropriate order consistent herewith.

*Reversed and remanded.*

Baker, J., and Coleman, J., concurred.