## CIRCUIT COURT OF FAIRFAX COUNTY

Cheryl LaReau

v.

Jerome LaReau

### February 19, 1992

### Case No. (Chancery) 91319

BY JUDGE WILLIAM G. PLUMMER

This matter came before the Court on Defendant Jerome LaReau's Motion to Terminate Child Support. Having heard arguments and reviewed memoranda submitted by counsel, the Court finds that provisions in a support agreement that survive a child's majority are contractual rights which cannot be altered by the Court. Consequently, the Court denies the Defendant's motion.

A final decree of divorce, entered July 3, 1985, incorporated a property settlement agreement between the parties providing for unitary support payments from the Defendant to Plaintiff Cheryl Wisdom, then known as Cheryl LaReau, for the support and maintenance of the Plaintiff and their two children. The agreement provides, at Paragraph 3(A), that support payments "shall decrease by $480.00 when Brian dies, receives a bachelor's degree from an accredited institution of higher learning, or ceases to be a full-time student at such an institution. Provided, that in no event shall these payments continue beyond Brian's 23rd birthday." None of these contingencies have yet occurred.

The agreement also provides that support payments shall be renegotiated upon Mr. LaReau's retirement from the Navy, Paragraph 3(D), and that if the parties are unable to renegotiate such payments, they agree to resolve the controversy through mediation. Paragraph 15. Should mediation fail, the agreement provides that "either party may seek appropriate relief in a court of law." Paragraph 15.

Brian is now nineteen years old and is attending college. He recently resided with his father for several days prior to leaving for school. Having filed an affidavit that he has retired from the Navy and alleging that he has offered to mediate the issue, Mr. LaReau now moves this Court to terminate child support for the child Brian.

A parent generally has a legal obligation to support his children only during their minority, *see* Va. Code Ann. § 20–61 (1990). When a child reaches majority, the divorce court's jurisdiction, which is purely statutory, ceases ipso facto and the prospective effect of a judicial support decree terminates by operation of law. *See Eaton v. Eaton*, 215 Va. 824, 827, 213 S.E.2d 789, 792 (1975). A parent's only form of relief lies in an agreement extending support liability beyond the child's age of majority. *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979).

Where a court incorporates such an extension agreement into a support decree, however, the court can modify that agreement only to the extent of the court's jurisdiction. *Id.* Such an agreement does not confer upon the court jurisdiction to modify support obligations after the age of majority, as the court could do during the child's minority. Thus, the court may only enforce the agreement to the extent of its terms. Consequently, this Court has no jurisdiction to terminate Mr. LaReau's child support obligations towards his son Brian. As Brian is no longer a minor, the Court retains the authority only to enforce the property settlement agreement with respect to Brian according to its terms.

Mr. LaReau contends that Paragraph 15 of the agreement, which enables the parties to seek "appropriate relief in a court of law" should mediation fail, gives this court jurisdiction to terminate the child support obligations. "Appropriate relief" can be only that relief which is in the Court's jurisdiction; the parties may not contractually enlarge the Court's jurisdiction regarding child support. In addition, the provision to renegotiate terms at a later date is unenforceable as the Court is unable to supply missing terms into the agreement. *See Agostini v. Consolvo*, 154 Va. 203, 153 S.E. 676 (1930) (an agreement to contract in the future is unenforceable).

Consequently, the Court finds that the Defendant remains obligated to continue the support payments without reduction. The Court denies the Defendant's motion.