## CIRCUIT COURT OF THE CITY OF RICHMOND

Linda R. Arnold

v.

William A. Royall, Jr.

August 4, 1992

Case No. K-8632

BY JUDGE ROBERT L. HARRIS, SR.

The plaintiff, Linda R. Arnold, brought this action against the defendant, her ex-husband, William A. Royall, Jr. The plaintiff sought a modification of an April 23, 1991, final decree of divorce. That decree incorporated a separation agreement entered into by the parties which required William Royall to pay child support for his children until they reached the age of eighteen. One child, William Archer Royall, III, has reached that age, but remains in high school, in part due to a learning disability. His mother asks this court to extend the child support requirements beyond the limitations originally set in the divorce decree. The defendant has argued that the court cannot reach the question of modification because the court lost jurisdiction over the child once the child reached eighteen.

"Jurisdiction in divorce suits is controlled entirely by statute." *Eaton v. Eaton*, 215 Va. 824, 826, 213 S.E.2d 789, 791 (1975). In *Eaton*, the Virginia Supreme Court found that a trial court lacked jurisdiction to extend a child support order beyond the statutory age of majority. *Id.* at 827, 213 S.E.2d at 792. However, thirteen years after *Eaton*, the General Assembly gave the courts the power to make an initial award of child support under § 20–107.2:

(1) until the child reaches age eighteen; or

(2) until the child reaches age nineteen or graduates from high school, whichever comes first, if

(a) the child is a full-time high school student;

(b) the child is not self-supporting; and

(c) the child is living in the home of the parent seeking or receiving child support.

1988 Va. Acts 1845 (now codified at Va. Code Ann. § 20–107.2). If the court was making an initial determination of child support, § 20–107.2 would allow the court to award child support in this case. This in no way alters the central holding of *Eaton*; jurisdiction remains statutory in support matters, but the statute now gives a court additional leeway.

Section 20–108 deals solely with the revision and alteration of awards previously made pursuant to § 20–107.2. It allows for revision of the original decree "concerning the care, custody, and maintenance of the children . . . as the circumstances of the parents and the benefit of the children may require." While this statute may not revive jurisdiction which has been lost, its language allows a court which still retains jurisdiction to focus on the needs of the children in assessing the appropriateness of modification. *Cf., Yohay v. Ryan*, 4 Va. App. 559, 567, 359 S.E.2d 320, 325 (1987) (finding that § 20–108 "directs the court to consider matters relevant to the circumstances of the parties and the benefit of the children" and that therefore a court, in considering modification, was not required to consider all factors of § 20–107.2(2)).

In defense of his position that no jurisdiction over the child exists even under the amended § 20–107.2, the defendant has cited the recent case of *LaReau v. LaReau*, 27 Va. Cir. 133 (1992). In *LaReau*, the court refused to modify a support decree because the child involved had reached his majority. The difference between that case and this one is that the child in *LaReau* was nineteen and in college when the request for modification was made; therefore, unlike the child in this case, the child in *LaReau* was clearly beyond the statutory jurisdiction of the divorce court.

At the time of the original decree, there was no evidence that either party contemplated that William Archer Royall, III, would still be in high school beyond age eighteen. For physical and medical reasons, however, he has not yet graduated from the special school he is attending. Since the child reached eighteen on March 13, 1992, the plaintiff has been the sole supporter of him, providing all of the care and maintenance of the child. It is the opinion of the court that the defendant should shoulder some of that burden as well. The

court, therefore, modifies the original divorce decree and requires the defendant to continue making payments of child support to the plaintiff in the sum of $750.00 per month until William Archer Royall, III, attains the age of nineteen or finishes high school, whichever comes first. This modification is given effect as of the date the plaintiff filed her petition, June 1, 1992.