COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Annunziata and Agee
Argued at Alexandria, Virginia


ANDREW THOMAS McGARRY

MEMORANDUM OPINION[*] BY

v.    Record No. 1072-02-4           JUDGE ROSEMARIE ANNUNZIATA
                                          DECEMBER 17, 2002

BEVERLY BRANDON McGARRY


FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
Leroy F. Millette, Jr., Judge

Katherine M. Fogarty (James R. Kearney;
Miller, Kearney, Geschickter, Joshi &
Fogarty, L.L.P., on brief), for appellant.

Betty Moore Sandler (Nichols, Bergere,
Zauzig & Sandler, P.C., on brief), for
appellee.


Andrew T. McGarry ("father") contends on appeal that the
trial court erred in finding he failed to comply with the child
support provisions of a Separation and Property Settlement
Agreement ("PSA" or "agreement") he entered with his former
spouse, Beverly B. McGarry ("mother"). For the reasons that
follow, we affirm.

On appeal, we view the evidence in the light most favorable
to mother, the party prevailing below, together with all
reasonable inferences that may be drawn. See Richardson v.

[*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

Richardson, 30 Va. App. 341, 349, 516 S.E.2d 726, 730 (1999).

The parties were married on June 3, 1977. One child, Shannon Brandon McGarry, was born of the marriage on December 23, 1982.

On December 17, 1984, the parties entered into a PSA. The agreement required father to provide child support according to the following terms:

> 6. FAMILY SUPPORT AND MAINTENANCE
> (a) The Husband shall pay to the wife, for her alimony support and maintenance, and the support and maintenance of the said minor child, the total monthly sum of ONE THOUSAND FOUR HUNDRED DOLLARS ($1,400), subject to reductions of:
>
> (1) FOUR HUNDRED DOLLARS ($400) when the child marries, dies, reaches eighteen (18) years of age, enters active duty military service or is otherwise emancipated, whichever shall first occur; provided, however, that such reduction shall not occur until the child reaches twenty-three (23) years of age for so long as the child is a full-time student in an accredited college or university and pursuing a bachelor's degree, without abatement for academic vacations.

The parties divorced on November 12, 1986. Shannon McGarry turned eighteen years of age on December 23, 2000, while a senior at Hylton High School; she was not enrolled full-time in an accredited college or university at that time. It is undisputed that, when she graduated from high school in June 2001, Shannon enrolled immediately as a full-time student at Marshall University.

Father made timely support payments in accordance with the terms of the agreement until January 2001. He reduced his payments by four hundred dollars ($400) thereafter. Mother filed

a motion to establish arrearages and, on February 5, 2002, the trial court ordered father to pay $5,392 in child support arrears. He appeals from that order,[1] arguing that, under the plain language of the agreement, the parties intended that child support payments were to abate permanently once their daughter reached eighteen unless she was enrolled full-time at an accredited college or university on her eighteenth birthday. We disagree.

A property settlement agreement is a contract between the parties and their rights and obligations are defined under it. Pellegrin v. Pellegrin, 31 Va. App. 753, 759, 525 S.E.2d 611, 614 (2000) (citations omitted). We construe the document as a whole and give effect to all the language, if the contract's parts can be read together without conflict. See Berry v. Klinger, 225 Va. 201, 208, 300 S.E.2d 792, 796 (1983). In construing contract documents as a whole, the court will not treat any word or clause as meaningless if any reasonable interpretation consistent with the other portions of the contract can be ascribed to it. First American Bank v. J.S.C. Concrete Const., 259 Va. 60, 69, 523 S.E.2d 496, 501 (2000).

Father's interpretation of the agreement would permit him to terminate support in the event the parties' child reached the age of eighteen while still in secondary school and failed to leave before graduation and enroll as a full-time college student. The

---

[1] The Court notes that the order appellant appeals reflects a date of entry of March 29, 2001. As the order indicates the matter came before the trial court on February 5, 2002, this matter is remanded to the trial court for the sole purpose of correcting the clerical error to reflect the proper date of entry.

interpretation he advances is strained and unreasonable, and we decline to adopt it.  See Hairston v. Hill, 118 Va. 339, 342, 87 S.E. 573, 575 (1916) ("[A]n unreasonable construction is always to be avoided.").

Moreover, his interpretation fails to give any meaning to the provision that obligates him to support the child until she reaches the age of twenty-three if certain conditions are met. "In the interpretation of written contracts every part of the contract must be made, if possible to take effect, and every word of it must be made to operate in some shape or other."  Tate v. Tate, 75 Va. 522, 527 (1881); see also Ross v. Craw,  231 Va. 206, 214, 343 S.E.2d 312, 317 (1986); Allsbury v. Allsbury, 33 Va. App. 385, 390, 533 S.E.2d 639, 642 (2000).  Mindful of these principles, we find the provision at issue establishes that father's support obligation to his daughter terminated when she reached eighteen years of age.  In order to give effect to the remainder of the support provision, we also find that the provision obligates father to "wait and see" if his daughter enrolled in college as a full-time student after she turned eighteen and graduated from high school, at which time his support obligation would resume and continue until she reaches twenty-three.

The agreement, read as a whole, supports the construction we place on the support provision.  "'The tendency of the courts is to give to contracts life and virility by interpretation of their fair intendment . . . .'"  Jennings v. Jennings, 12    Va. App. 1187, 1194, 409 S.E.2d 8, 13 (1991) (quoting Kiser v. Amalgamated Clothing Workers of America, 169 Va. 574, 590, 194

S.E. 727, 733 (1938)).  "In doing so, 'all of the provisions of a contract should be construed together.'"  Id. (quoting Chantilly Constr. Corp. v. Dep't of Highways & Transp., 6    Va. App. 282, 293, 369 S.E.2d 438, 444 (1988)).  Paragraph 9 obligates father to maintain a life insurance policy for Shannon's benefit until she receives her undergraduate degree or attains the age of twenty-three, whichever occurs first.  The coupling of the child's age with her pursuit of a college degree mirrors the language of the support provision and supports the conclusion that the parties intended for the father's child support payments to cease when the child reaches the age of eighteen, but resume after the child reaches eighteen and continue until she reaches the age of twenty-three, provided she enrolls full-time in a college program.  See generally Berry, 225 Va. at 208, 300 S.E.2d at 796; Gazale v. Gazale, 219 Va. 775, 779, 250 S.E.2d 365, 367 (1979) (finding "the contract contained several support provisions other than that for monthly cash payments, which evince the parties' intent to provide for the children both before and after they attained the age of majority"); Paul v. Paul, 214 Va. 651, 653-54, 203 S.E.2d 123, 125 (1974) (holding that, because there were other support provisions in the agreement, it was clear the parties intended that support continue past the age of majority).

Similarly, paragraph 7 of the PSA requires father to provide health insurance for Shannon for as long as she is eligible.  No language limiting father's obligation to provide health insurance to the period of the child's minority was included in the health insurance provision.

For the reasons stated in this opinion, we affirm the decision of the trial court.

<u>Affirmed.</u>