## CIRCUIT COURT OF LOUDOUN COUNTY

John Henry Frey

v.

John G. Frey

January 26, 1994

Case No. (J. & D. App.) CJ 93–31

BY JUDGE CARLETON PENN

This appeal from the Juvenile and Domestic Relations District Court of Loudoun County is before this Court on a Motion for Summary Judgment.

The Petition was filed by John Henry Frey, born December 26, 1972, who has been totally disabled since prior to attaining his majority. His father, the respondent, is John G. Frey, a resident of Clarke County, Virginia. Petitioner's parents were divorced several years ago, and Petitioner resides with his mother in Loudoun County, Virginia. Respondent concedes that the son is "incapacitated from earning a living" and that he receives certain support payments from the federal government is not disputed. This is a RURESA proceeding.

Respondent asserts that this Court "is without jurisdiction to adjudicate this matter as it is not where respondent and his property can be found." For this position he relies on Code § 20–88.28:4.

That Code section "applies if both the obligee and the obligor are in this Commonwealth but in different counties or cities. If the court of the county or city in which the petition is filed finds that the petition sets forth facts from which it may be determined that the obligor owes a duty of support and finds that a court of another county or city in this Commonwealth may obtain jurisdiction over the obligor or his property, the clerk shall send the petition and a certification of the findings to the court of the county or city in which the obligor or his property is found . . . ."

Plainly, this Court does have jurisdiction to make the initial determination as to whether the obligor owes a duty of support and to make a finding that another court "in this Commonwealth may obtain jurisdiction over the obligor or his property . . . ."

Respondent says that the "Petitioner is barred from bringing this action by the principal of *res judicata*." There is pending in the Circuit Court of Clarke County, Virginia, a dispute between John Henry Frey's parents that peripherally involves him. (*Linda S. Bourne v. John G. Frey*, In Chancery No. CH–92–3177). However, he is not a party to that suit, and the principle of *res judicata* does not apply. Further, the trial judge ruled that the Circuit Court of Clarke County "does not have jurisdiction to determine that." (Referring to Code § 20–61) October 19, 1993, Tr. P. 111.

Respondent asserts also that "[t]here is no basis at law for finding Respondent liable for the support of the Petitioner." (I construe that assertion to mean not only "at law" but also in equity.) He says that since Code § 20–61 provides that "[t]his section shall not apply to any parent of any child of whatever age, if the child qualifies for and is receiving aid under a federal or state program for aid to the permanently and totally disabled. . ." and since Petitioner receives such aid, a court may not award support to him. I disagree.

At common law the legal duty of parents to support their children is generally extinguished when a child reaches majority, but there is an exception that the duty does not cease when the child is mentally or physically disabled at the time of reaching majority. "The theory behind this exception is that the continuing disability prevents the child from becoming emancipated, and because he is incapable of emancipation, he remains a minor in the eyes of the law." 48 A.L.R. 4th 919, 923, *Postmajority Disability as Reviving Parental Duty to Support Child.*

The common law is continued in full force in the Commonwealth and is the rule of decision, except as altered by the General Assembly. Va. Code Ann. § 1–10; see also Va. Code of 1819, c. 38, vol. 1, p. 135.

> While there is, in the decided cases, a diversity of opinion as to the father's duty at common law to support an adult child mentally incapacitated from earning a livelihood, the weight of authority is to the effect that such a duty rests upon the father.

*Indemnity Insurance Company v. Nalls*, 160 Va. 246, 248, 168 S.E. 346 (1933).

"The Department contends that by statutory enactment (Va. Code Ann. § 20–61 (Cum. Supp. 1971)) and under the common law, Mrs. Shepard's estate is liable for her son's maintenance within the meaning of § 37.1–105."

Section 20–61 provides in part as follows:

> any parent who deserts or wilfully neglects or refuses or fails to provide for the support and maintenance of his or her child under the age of eighteen years, or child of whatever age who is crippled or otherwise incapacitated for earning a living, the . . . child or children being then and there in necessitous circumstances, shall be guilty of a misdemeanor . . . .

"This statute, imposing criminal sanctions, in inapplicable as it affords no basis for civil relief." *Heflin v. Heflin*, 177 Va. 385, 14 S.E.2d 317 (1941).

"In another context, we recognized the rule that a father has a common law duty to support an adult child who is mentally incapacitated." *Nalls, supra*, at 248.

> In *Heflin v. Heflin, supra*, the question for determination was: "Has a court of equity ever had inherent jurisdiction to entertain a suit for separate maintenance of a deserted wife where no divorce is sought?"
>
> In that case, it was contended that the Juvenile and Domestic Relations court, under the provisions of sections 1936 and 1937 of the Code (now Code §§ 20–61 through 20–65) has exclusive jurisdiction, and hence, resort for relief must be had in that court. This contention was sustained by the lower court, and the bill of complaint by decree entered was dismissed. Upon appeal, this Court reversed the decree of the trial court. In an exhaustive opinion, Mr. Justice Gregory fully covered the question relative to the inherent power of a court of equity to grant relief when a court of law was powerless to grant such relief as the exigencies of the case demanded.
>
> In discussing the contention that the language in section 1937 of the Code conferred upon the Juvenile and Domestic Relations Court exclusive original jurisdiction of the question in issue, Mr. Justice Gregory had this to say:

"Under the desertion and non-support statutes, the wife is compelled to have her husband adjudged guilty of a crime and must be destitute and in necessitous circumstances before she can receive the meager wages he earns for work on the road force. This crime must be proven as all other crimes — the guilt of the husband must be shown beyond all reasonable doubt. If he is found guilty, he may appeal, but no provision is made for the deserted wife's appeal if he is found not guilty.

"These statutes do not, in terms or otherwise, wipe out the other remedies of a deserted wife. They do not purport to embrace all other remedies for support which may arise, such as those brought under the divorce statutes and those brought under the inherent jurisdiction of an equity court for separate maintenance alone. The statutes embrace only those cases 'arising under this act' which means cases in which deserted wives wish to prosecute their husband criminally and as an incident, if found guilty, to receive their wages if they are physically able to work on the roads. It is an effective means to require them to perform their legal duty.

"The statutes provide an additional and quick remedy, in cases arising under it, to punish the guilty husband for his offense and at the same time prevent the wife from becoming a public charge. They give no civil remedy."

What is said there in regard to a deserted wife is most apposite when applied to the case at bar. The principle involved is the same. Neither in law nor in morals should a distinction be drawn between the right appertaining to a deserted wife and the right appertaining to a neglected child.

*McClaugherty v. McClaugherty*, 180 Va. 51, 66–67, 21 S.E.2d 761, 767–768 (1942).

The parties agree that there are no issues of material fact in dispute. Accordingly, I find "that the petition sets forth facts from which it may be determined that the obligor owes a duty of support" (to his incapacitated son) and that "a court of another county [Clarke] in this Commonwealth may obtain jurisdiction over the obligor or his property . . . ." The motion for summary judgment is denied. I direct that the clerk send the petition and the other papers in the file to the Clerk of the Circuit Court of Clarke County, Virginia.