COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Bray and Frank
Argued at Chesapeake, Virginia


ALBERT ROBDAU
                                              OPINION BY
v.   Record No. 1793-00-1            JUDGE ROBERT P. FRANK
                                           MARCH 20, 2001
COMMONWEALTH OF VIRGINIA,
 VIRGINIA DEPARTMENT OF SOCIAL SERVICES,
 DIVISION OF CHILD SUPPORT ENFORCEMENT,
 ex rel. MAUREEN ROBDAU


            FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
                    Frederick H. Creekmore, Judge

            Douglas Fredericks for appellant.

            Maryann Shea Bright, Special Counsel (Mark L.
            Earley, Attorney General; Ashley L. Taylor,
            Jr., Deputy Attorney General; Robert B.
            Cousins, Jr., Senior Assistant Attorney
            General; Craig M. Burshem, Regional Special
            Counsel; Beth J. Edwards, Regional Special
            Counsel, on brief), for appellee.


     Albert Robdau (appellant) appeals the decision of the trial

court finding it had jurisdiction to enforce a New York support

order.  Although appellant's youngest daughter is entitled to

support under New York law, he contends she is over the age of

eighteen and not otherwise entitled to support under Code

§ 20-124.2 and, therefore, the trial court lacked jurisdiction to

enforce the support order.  Finding no error, we affirm the

judgment of the trial court.

I.  BACKGROUND

The facts of this case are uncontroverted.  Albert and Maureen Robdau have three children, James Robdau, born July 2, 1975, Nicole Robdau, born August 16, 1979, and Jacqueline Robdau, born July 10, 1981.  James and Nicole are both over twenty-one years of age.  Jacqueline, who is nineteen years old, is not emancipated and, thus, is a child eligible for support under New York law until she reaches age twenty-one.[1]  Jacqueline graduated from high school on or before June 30, 1999.

On September 15, 1999, a New York court entered an order that established appellant's child support arrearage at $15,017.20 as of May 28, 1999 and required him to pay $110 per week in current support and $10 per week toward the arrearage.  The New York court entered a judgment in the amount of the arrearage.

Because appellant lives in Virginia, the State of New York, pursuant to Code § 20-88.32 et seq., the Uniform Interstate Family Support Act (UIFSA), requested that the Division of Child Support Enforcement for the Commonwealth enforce the New York child support order.  The Division requested registration of the New York order for enforcement in the Juvenile and Domestic Relations District Court for the City of Chesapeake.  The juvenile court established the child support arrearage and confirmed the registration of the New York order.  Appellant

---

[1] New York Domestic Relations Law § 240(1-b)(b)(2)(2000 McKinney) states, "'Child support' shall mean a sum to be paid pursuant to court order or decree by either or both parents or pursuant to a valid agreement between the parties for care, maintenance and education of any unemancipated child under the

appealed the order to the Circuit Court for the City of Chesapeake.  Appellant filed a motion for partial summary judgment challenging the court's jurisdiction.

The only issue before the trial court and this Court on appeal is whether the trial court had subject matter jurisdiction to enforce the child support arrearage that accrued after appellant's youngest daughter reached age eighteen or graduated from high school because Virginia law imposes no duty of support under these circumstances.[2]  The trial court held that, under UIFSA, it had jurisdiction to enforce the current support obligation and the entire child support arrearage.[3]

## II.  ANALYSIS

Appellant contends Virginia courts cannot enforce another state's support order for payments beyond the time when the child support obligation would terminate under Virginia law. Appellant relies upon Cutshaw v. Cutshaw, 220 Va. 638, 261 S.E.2d 52 (1979), to support his position.[4]

_____

age of twenty-one years."

[2] Code § 20-124.2(c).

[3] Appellant does not contest the proper registration of the New York order, the amount of the arrearage, or that New York law obligates a parent to pay child support until a child who is not emancipated reaches age twenty-one.

[4] Appellant also submitted an unpublished opinion from this Court, Parks v. Parks, Record No. 1892-97-4 (February 10, 1998), in support of his position.  "Unpublished memorandum opinions of this Court are not to be cited or relied upon as precedent except for the purpose of establishing res judicata, estoppel or the law of the case."  Grajales v. Commonwealth, 4 Va. App. 1, 2 n.1, 353 S.E.2d 789, 790 n.1 (1987).  Accordingly, we will not consider the holding in resolving the instant case.

Cutshaw was not a UIFSA case but involved the issue of whether the trial court retained jurisdiction, after the child attained majority, to enforce an order entered during the child's infancy modifying a child support agreement incorporated into the final decree of divorce.  220 Va. at 639, 261 S.E.2d at 53.  In Cutshaw, the parties' agreement provided for child support in the amount of $25 per week until the children left the mother's home or completed their undergraduate education.  Id. at 639, 261 S.E.2d at 53.  During the infancy of the youngest child, the court increased the amount to $35 per week.  Id. at 640, 261 S.E.2d at 53.  The Supreme Court reversed the trial court's order, which found an arrearage based on $35 per week for each week the father failed to pay after the youngest child reached majority.  In finding no jurisdiction to enforce the modified order, the Supreme Court of Virginia wrote:

> A parent has the legal obligation to support his children only during their minority.  Va. Code § 20-61.  Of course, this obligation does not preclude the parent from contracting to support the children after their minority.  However, where such contracts are incorporated into support decrees by a divorce court, they can only be modified by that court to the extent of its jurisdiction.
>
> The jurisdiction of a court to provide for child support pursuant to a divorce is purely statutory.  Jackson v. Jackson, 211 Va. 718, 719, 180 S.E.2d 500 (1971).  The relevant statutes only deal with the court's power to provide for support and maintenance of minor children.  See Va. Code §§ 20-103 through -109.1.  Once the child reaches majority, the jurisdiction of the divorce court to provide for his support and maintenance terminates unless otherwise provided by agreement incorporated into the

divorce decree. <u>See</u> <u>Eaton v. Eaton</u>, 215 Va. 824, 213 S.E.2d 789 (1975); <u>Paul v. Paul</u>, 214 Va. 651, 203 S.E.2d 123 (1974).

<u>Id.</u> at 641, 261 S.E.2d at 54.

The following analysis demonstrates that <u>Cutshaw</u> is inapplicable to the enforcement of foreign state support orders under UIFSA. Code § 20-88.69(A), a provision of UIFSA, states, "[t]he law of the issuing state governs the nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages under the order." UIFSA further recognizes the Commonwealth may be called upon to enforce another state's order for support of an individual over the age of majority. Code § 20-88.32 states, in part:

> "Child" means an individual, whether over or under the age of majority, who is or is alleged to be owed a duty of support by the individual's parent or who is or is alleged to be the beneficiary of a support order directed to the parent.

> "Child support order" means a support order for a child, including a child who has attained the age of majority under the law of the issuing state.

The statutory language is clear, and we must give the words their plain meaning. "Where a statute is unambiguous, the plain meaning is to be accepted without resort to the rules of statutory interpretation." <u>Last v. Virginia State Bd. of Med.</u>, 14 Va. App. 906, 910, 421 S.E.2d 201, 205 (1992) (citing <u>Virginia Dep't of Labor & Indus. v. Westmoreland Coal Co.</u>, 233 Va. 97, 99, 353 S.E.2d 758, 760 (1987)). "The manifest intention of the legislature, clearly disclosed by its language, must be applied." <u>Anderson v. Commonwealth</u>, 182 Va. 560, 566, 29 S.E.2d 838, 841 (1944).

To accept appellant's contention would encourage parents obligated to pay support to avoid one state's child support order by moving to another state that has a lower age requirement for support. Through such "forum shopping," the parent would be able to control the duration of child support. Such a result undermines the very purpose of UIFSA. See Commonwealth v. Chamberlain, 31 Va. App. 533, 536-37, 525 S.E.2d 19, 21 (2000) ("The UIFSA is a model uniform law that has been enacted in all fifty states. See Code § 20-88.32 et seq. [The UIFSA] provides a comprehensive statutory scheme to establish and enforce support obligations in proceedings involving two or more states.").

Finding no error, we affirm the decision of the trial court.

Affirmed.