# CIRCUIT COURT OF ARLINGTON COUNTY

Dynasty Construction

v.

Arlington County
Board of Supervisors

July 16, 2007

Case Nos. (Civil) 07-438, 07-439

By Judge Joanne F. Alper

This case came before the Court on May 18, 2007, for a hearing on Defendant County Board of Arlington's Demurrer and Plea in Bar. Having taken this matter under advisement and given the opportunity to review the pleadings, statutory law, and case law the Court issues the following opinion resolving the outstanding issues.

## I. *Factual and Procedural Background*

This action arises out of two separate construction contracts between the parties. The Plaintiff Dynasty Construction ("Dynasty") was hired by Defendant County Board of Arlington ("Arlington County") to renovate the Arlington Arts Center at Maury School ("Arts Center Project"), CL07-438, and construct the Aurora Hills Complex Fire Station 5 ("Fire Station Project"). These cases have been consolidated for this decision because both cases were filed at the same time and raise the same legal issues.

Both contracts are explicitly governed by the Arlington County Purchasing Resolution, which provides the procedures for contractual disputes, administrative appeals, and protests. Under the Arlington County Purchasing Resolution, contractual disputes shall be submitted in writing no

later than sixty days after final payment, but written notice of the contractor's intention to file such claim must have been given at the time of the occurrence or the beginning of the work upon which the claim is based. The County Manager will provide a final written decision within fifteen days under the terms of the contract. Under the Purchasing Resolution, the decision of the County Manager shall be final and conclusive, unless the contractor appeals within six months to the County Board in accordance with Va. Code §§ 15.2-1245 through 15.2-1248.

In both cases, Dynasty began work under the contracts and was delayed in completion. Dynasty claims that the delays on both projects were substantially due to the actions or inaction of Arlington County. Conversely, Arlington County denies these allegations. Both projects were terminated by Arlington County for failing to comply with the completion date. The Arts Center Project was terminated around April 2005 and the Fire Station Project on June 1, 2005.

On July 29, 2005, Dynasty submitted a claim to the County Manager seeking damages for wrongful termination on both projects, claiming $1,699,550.00 on the Arts Center Project and $1,480,916 on the Fire Station Project. On August 12, 2005, the County Manager issued a decision denying Dynasty's claims in both cases. On December 28, 2005, Dynasty appealed the County Manager's decision in both cases to the Arlington County Board. After a period of providing additional information, the County Board denied both of Dynasty's claims at the December 12, 2006, meeting. Although not argued in the pleadings, Dynasty claimed in oral argument that its opportunity to argue at the December, 12, 2006, hearing was perfunctory and it did not receive due process.

On January 2, 2007, Dynasty inquired with the Clerk of the County Board ("the Clerk") as to the amount of the bond that would be required to appeal both cases. Counsel for Dynasty was advised that the sum would be $1 million total, or $400,000 for the appeal of the Arts Center Project and $600,000 for the appeal of the Fire Station Project. On January 9, 2007, Dynasty informed the Clerk that the bond amount was onerous and had no relationship to the potential costs that could be assessed by a court on the underlying actions. The Clerk did not respond to this letter. On January 11, 2007, Dynasty filed an appeal in the Arlington County Circuit Court to the ruling of the Arlington County Board on both claims. These actions were later voluntarily nonsuited pursuant to Va. Code § 8.01-380. On March 30, 2007, Dynasty filed the instant actions seeking to appeal the decision of the Arlington County Board.

Arlington County has filed a demurrer and plea in bar in both cases alleging that Dynasty failed to post the appeal bond required by Va. Code §. 15.2-1246 and the Arlington County Purchasing Resolution. The County argues that this failure is a jurisdictional defect that cannot be cured by Dynasty nor forgiven by the Court. Dynasty opposes these motions for the reasons stated below.

## II. *Discussion*

Arlington County filed the demurrer and plea in bar in reliance upon the authority of the appellate procedures set out in the Arlington County Purchasing Resolution and the contract between the parties together with the appeal bond requirements of Va. Code § 15.2-1246. Dynasty argues that it is excused from posting the bond because the bond amount set by the Clerk was too high and therefore deprived Plaintiff of due process of law. Dynasty further alleged that this Court must hear the appeal because Defendant failed to provide adequate procedural due process during the appeal process provided under the contract.

### A. *Adequacy of the Appeal Bond*

Plaintiff argues that an appeal bond of $1 million for both appeals was an abuse of the Clerk's discretion and was so excessive as to deny the Plaintiff an opportunity to have the case heard in this Court. However, this Court's jurisdiction is limited by Va. Code § 15.2-1246, which in part requires "execut[ion of] a bond to the county, with sufficient surety to be approved by the clerk of the governing body, with condition for the faithful prosecution of such appeal, and the payment of all costs imposed on the appellant by the court." The appeal must be perfected within thirty days from the date of the decision. *Id.* In this case, the adverse decision of the Arlington County Board occurred on December 12, 2006 and appeal was to be perfected by January 11, 2007. Dynasty inquired about the amount of the appeal bond under this statute on January 2, 2007, and, finding the bond amount excessive, timely filed its appeal on January 11, 2007, without executing an appeal bond.

Plaintiff cites *Brancris, Inc. v. Board of Supervisors*, 1992 WL 884789 (Fairfax Cir. Ct. 1992), to demonstrate that a circuit court has the authority to later determine that an appeal bond is excessive. That case can be distinguished from the present action because the plaintiff in *Brancris* paid the appeal bond and then sought reduction from the circuit court. In this case, no appeal bond in any amount was executed.

This Court does not have jurisdiction under Va. Code § 15.2-1246 because of Dynasty's failure to file any appeal bond in these cases. *Brancris* suggests that this court may have had jurisdiction to reduce the appeal bond after it had been executed, but Dynasty chose not to execute a bond in any amount. Therefore, this Court lacks jurisdiction to consider whether the bond was excessive.

Dynasty knew of the bond amount on January 2, 2007, nine days before the appeal deadline, and could have challenged the bond amount in this Court during that period. Instead, Dynasty chose to ignore the requirement and, therefore, this Court cannot now review whether that bond amount was excessive.

## B. *Due Process during the County Appellate Process*

Alternatively, Plaintiff argues that it was denied procedural due process in contradiction of the Virginia Public Procurement Act, Va. Code § 2.2-4300 *et seq.* (VPPA) and, therefore, this Court should grant the Plaintiff its appeal.

Neither party disputes that Arlington County has a Purchasing Resolution, which ordinarily qualifies for an exemption from the VPPA under Va. Code § 2.2-4343(A)(10). This exemption exists for "any county . . . whose governing body adopts, by ordinance or resolution, alternative policies and procedures which are (i) based on competitive principles and (ii) generally applicable to procurement of goods and services by such governing body and its agencies." *Id.* However, the exemption is limited "only so long as such polices and procedures, or other policies and procedures meeting the requirements of [Va. Code] § 2.2-4300, remain in effect in such county. . . ." *Id.*

Plaintiff argues that it was given only a few minutes to argue its case before the Arlington County Board, which did not allow enough time to properly present its position. Plaintiff contends this violates the stated purpose of the VPPA, which is in part to assure "that all procurement procedures be conducted in a fair and impartial manner with avoidance of any impropriety or appearance of impropriety." If the Procurement Act is found to violate the stated purpose of the VPPA, the plaintiff must be afforded rights under the VPPA to have a full administrative hearing before a "disinterested person or panel" (Va. Code § 2.2-4365) and the right to bring an action in the appropriate circuit court (Va. Code §§ 2.2-4363, 2.2-4364). According to the Plaintiff, the VPPA does not require compliance with the appeal bond requirement of Va. Code § 15.2-1246 as a condition of filing a lawsuit.

Arlington County argues that the exemption for a purchasing resolution under the VPPA is not a "conditional" exemption, but an unqualified exemption "so long as such policies and procedures . . . remain in effect in such County. . . ." Therefore, the exemption is valid since Arlington County has a Purchasing Resolution which policies and procedures remain in effect.

A review of the Arlington County Purchasing Resolution and the contract between the parties indicates the parties agreed to the following procedures to dispute a contract claim: (1) review by the county manager who presents a final written decision within fifteen days of filing by claimant, (2) review by the County Board pursuant to Va. Code §§ 15.2-1247, 15.2-1248, and (3) right to appeal to the circuit court pursuant to Va. Code § 15.2-1246, which includes the appeal bond requirement. These procedures fulfill the policy goal of the VPPA that procurement procedures be conducted in a fair and impartial manner with the avoidance of any impropriety or appearance of impropriety. Moreover, Plaintiff was aware of these provisions, which it agreed to when it entered into the contract with Arlington County. This Court finds that Arlington County is exempt from the VPPA under Va. Code § 2.2-4343(A)(10) and the Plaintiff will not be permitted to rewrite the parties' contract based on the facts of this dispute.

Even if the hearing before the Arlington County Board took only a few minutes, there is nothing under the contract, the purchasing resolution, or the Virginia Code that requires a more substantial hearing. Under Va. Code § 15.2-1248, no action can be brought against the county until the claim has been "presented to the governing body." Under Va. Code § 15.2-1247, the governing body makes a determination on whether to disallow the claim. If the governing body disallows the claim, this decision becomes a bar to any action in any court founded on such a claim, unless "the decision of the governing body disallowing the claim is appealed." *Id.* Plaintiff argues that this statute does not conform to the VPPA because there is no administrative hearing before a disinterested person or panel similar in nature to that under Va. Code § 2.2-4365. However, both the VPPA and the procedures in Va. Code §§ 15.2-1245 through 15.2-1248 permit an appeal of any decision to the circuit court which provides a hearing before a disinterested party and satisfies the stated purpose of ensuring the procurement procedure be conducted in a fair and impartial manner.

### III. *Conclusion*

For the reasons stated herein, the Court sustains Defendant Arlington County's demurrer and plea in bar. Plaintiff had ample opportunity to comply with the dispute resolution and appeal procedures provided under the contract,

the Arlington County Purchasing Resolution, and Virginia statutes, but chose to neither post the required appeal bond nor timely dispute its amount. Plaintiff's failure to post the appeal bond is a fatal defect which deprives this Court of jurisdiction and requires dismissal of the Plaintiff's claims.