# CIRCUIT COURT OF FAIRFAX COUNTY

Bernard Lee Smith

v.

Cathleen Smith

November 27, 2007

Case No. CL-2006-7213

BY JUDGE MICHAEL P. MCWEENY

During the equitable distribution trial in this matter on October 9, 2007, the Defendant, Ms. Smith, asked the Court to order child support for the parties' disabled twenty-year old son. The Court took the matter under advisement. After full consideration of the parties' positions and examination of the relevant statutes and case law, this Court is of the opinion that it does not have subject matter jurisdiction to order child support. Therefore, the Defendant's request is denied.

*Factual and Procedural Background*

Prior to the filing of this action, on March 24, 2004, the Fairfax County Juvenile & Domestic Relations District Court (the "J&DR Court") entered a temporary support order based upon the parties' agreement. The Court ordered Mr. Smith to pay $646.00 per month in child support for the parties' disabled son, Bernard, who at the time of the order was sixteen years old, and further ordered that:

> Child support shall terminate on a child's eighteenth birthday; however, support shall continue for any child who is over the age of eighteen and (i) a full-time high school student, (ii) not

self-supporting and (iii) living in the home of the parent receiving child support, until the child reaches the age of nineteen or graduates from high school, whichever occurs first.

The parties have stipulated that the J&DR Court did not order any continuing support for Bernard, as evidenced by the fact that the order contains an unchecked box labeled "continuing support." However, the Court did order that the parties would review the child support when Bernard turned nineteen years old, as he is disabled and would not graduate until he turned twenty-one. Both parties signed the J&DR Court's order.

Mr. Smith filed his Bill of Complaint for divorce on June 9, 2006. After Bernard turned nineteen on September 15, 2006, Mr. Smith ceased paying child support. Ms. Smith filed a Cross-Complaint on March 21, 2007, in which she prayed for continuing support and maintenance for Bernard.

*Analysis*

Virginia Code § 20-124.2 provides, in pertinent part:

The court may order that support be paid for any child of the parties. The court shall also order that support will continue to be paid for any child over the age of 18 who is (i) a full-time high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support until such child reaches the age of 19 or graduates from high school, whichever first occurs. The court may also order the continuation of support for any child over the age of 18 who is (i) severely and permanently mentally or physically disabled, (ii) unable to live independently and support himself, and (iii) resides in the home of the parent seeking or receiving child support. In addition, the court may confirm a stipulation or agreement of the parties which extends a support obligation beyond when it would otherwise terminate as provided by law.

Va. Code Ann. § 20-124.2(C).

A Virginia court's jurisdiction to provide for child support pursuant to a divorce is purely statutory. *Robdau v. Dep't of Soc. Servs., Div. of Child Support Enforcement, ex rel. Robdau*, 35 Va. App. 128, 132, 543 S.E.2d 602 (2001). The relevant Virginia statutes, Va. Code §§ 20-103 through 20-109.1, deal only with the Court's power to provide for support and maintenance of

minor children. *Id.* "Once the child reaches majority, the jurisdiction of the divorce court to provide for his support and maintenance terminates unless otherwise provided by agreement incorporated into the divorce decree." *Id.*

The issue in this case is whether this Court has subject matter jurisdiction to order that child support be paid for Bernard, a twenty year old child with a disability, when the Court has not previously ordered any support and given the fact that the J&DR Court's order stated that support would terminate at the age of nineteen. The parties have not cited any Virginia law on this issue. However, the Court has considered the Virginia Court of Appeals' decision in *Smith v. Mann*, No. 0206-01-2, 2001 Va. App. LEXIS 703 (Dec. 18, 2001), as well as Judge Carleton Penn's opinion in *Frey v. Frey*, 33 Va. Cir. 191 (Loudoun County 1994).

In *Smith*, the trial court awarded support for a disabled child when the child was twenty-three years old. 2001 Va. App. LEXIS 703 at *2. The Court of Appeals affirmed the trial court's finding that the child was permanently mentally disabled, the only issue on appeal, and entitled to continued support, but in so doing failed to address the issue of whether the trial court had subject matter jurisdiction to order support. 2001 Va. App. LEXIS 703 at *3-*7.

In *Frey*, the Court considered whether the father of a twenty-two year old disabled man owed a duty of support. 33 Va. Cir. at 192. The Court noted that "[a]t common law the legal duty of parents to support their children is generally extinguished when a child reaches majority, but there is an exception that the duty does not cease when the child is mentally or physically disabled at the time of reaching majority." *Id.* The theory behind the exception is that the disability prevents the child from becoming emancipated and therefore the child remains a minor in the eyes of the law. The *Frey* court concluded that the father owed a duty of support. *Id.* at 194.

The Court does not find the *Smith* case to be controlling, as the *Smith* court never considered the question of whether the trial court had jurisdiction to order support for an adult disabled child. Nor does the Court find *Frey* to be persuasive, as the *Frey* court did not explain how its holding could be reconciled with the applicable Virginia Code sections regarding child support. Rather, the Court finds a Texas Supreme Court opinion interpreting a statute similar to Virginia Code § 20-124.2 to be persuasive. In *Red v. Red*, the Texas court interpreted a statute providing that a divorce court had the authority to continue child support payments for a disabled child after the child's eighteenth birthday and extend them for an indefinite period. 552 S.W.2d 90, 92 (Tex. 1977). The court held that a trial court could only require the continuation of support after a child's eighteenth birthday if the grounds for the continuance existed and were invoked prior to the child turning eighteen. *Id.*

In the instant case, the J&DR Court's order provided that support would terminate when Bernard reached the age of nineteen. The J&DR Court did not order continuing support, and although the order provided that the parties would review the child support obligation when Bernard turned nineteen due to the fact that he is disabled, the parties did not do so. Thus, pursuant to Va. Code § 20-124.2, the child support obligation in this case has terminated. This case was initiated in the Circuit Court on June 9, 2006; however, the Complaint did not contain a prayer for child support. At the time of the filing of the Cross-Complaint requesting this relief on March 21, 2007, there was no ongoing child support pursuant to any court order. Therefore, while recognizing the harsh result of the ruling, under the current statute, this Court does not have subject matter jurisdiction now to find that Bernard is disabled and entitled to continuing support. (This Court makes no ruling as to whether the Juvenile and Domestic Relations District Court retains any jurisdiction to "review" support under its March 24, 2004, Order.)

For the reasons stated above, the Court denies Ms. Smith's request for child support.