## CIRCUIT COURT OF FAIRFAX COUNTY

Robert A. Zellmann

v.

Susan A. Zellmann

December 14, 2009

Case No. CL 2009-11202

BY JUDGE STANLEY P. KLEIN

The parties are before the Court on Plaintiff Robert Zellmann's ("Mr. Zellmann") plea in bar in response to a motion to modify child support filed by Defendant Susan Zellmann ("Ms. Zellmann"). As a result of the recent high school graduation of a child in Mr. Zellmann's custody, Ms. Zellmann asks this Court to increase Mr. Zellmann's child support obligation for the benefit of a 22-year-old child in her custody whom she claims is disabled. In his plea in bar, Mr. Zellmann argues that this Court lacks jurisdiction to provide for or modify child support because the parties' three children are emancipated. The Court conducted a hearing on Mr. Zellmann's plea in bar on August 28, 2009, and took the matter under advisement. For the reasons set out in this letter opinion, the Court now overrules the plea in bar.

## I. *Background*

On September 6, 2002, this Court entered a final decree ("Final Decree") divorcing Mr. and Ms. Zellmann. The Final Decree incorporated the parties' Custody, Support, and Property Settlement Agreement ("PSA"), settling all issues of custody and support for the parties' three then-minor[1] children; Benjamin, the oldest child, Daniel, the middle child, and Kayla, the youngest child. The PSA granted primary physical custody of Benjamin and Kayla to Mr. Zellmann, and granted primary physical custody of Daniel, the allegedly disabled child, to Ms. Zellmann.

The PSA did not require the non-custodial parent to make individual child support payments for each child in the other party's custody. Rather, the PSA established a net child support obligation, under which Mr. Zellmann was required to pay Ms. Zellmann $205.00 per month. Although the PSA called for payment "for the support and maintenance of Daniel," the parties' split custody child support worksheet for all three children was appended to the PSA. It provided that Mr. Zellmann would pay the net total of $205.00 per month to Ms. Zellmann, who only had custody of Daniel. The guidelines used to determine child support are set forth in Virginia Code § 20-108.2, which incorporates factors such as each parent's income and whether the custody arrangement involves sole, split, or shared custody. The Final Decree entered on September 6, 2002, when all three children were still minors, increased the net child support obligation to $325.00 per month. The PSA further provided:

> Child Support shall continue to be paid for any child over the age of eighteen who is not otherwise emancipated, provided the child is (i) a high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support, until such child reaches the age of nineteen or graduates from high school, whichever first occurs. The parties also recognize that *the Court may order the continuation of support for any child over the age of eighteen who is (i) severely and*

---

[1] For purposes of this opinion, "minor," or a child in the age of "minority," refers to a child who is (1) under the age of eighteen; or (2) under the age of nineteen years old, non-self-supporting, living at his or her parent's home, and not yet graduated from high school. *See* Va. Code § 20-124.2(C). In contrast, a child who has reached the age of "majority" refers to a child who has met one or both of these conditions.

*permanently mentally or physically disabled, (ii) unable to live
independently and support himself/herself and (iii) residing in
the home of the parent seeking or receiving child support.*

(Emphasis added.)

When Benjamin graduated from high school in 2003, Ms. Zellmann asked this Court to increase Mr. Zellmann's child support obligation, which could no longer be offset by his support of Benjamin. This Court subsequently entered a Consent Support Order ("CSO"), which required Mr. Zellmann to pay "for child support, the sum of Three Hundred Seventy Seven dollars ($377.00) per month . . . until further order of this Court." The CSO provided that all provisions of the Final Decree, and consequently the PSA, would remain in full force and effect unless explicitly modified by the CSO. The CSO further provided:

> Child Support shall continue to be paid for any child over the age of eighteen who is not otherwise emancipated, provided the child is (i) a high school student, (ii) not self-supporting, and (iii) living in the home of the party seeking or receiving child support, until such child reaches the age of nineteen or graduates from high school, whichever first occurs.

The CSO did not include or reference the provision from the PSA regarding continuation of support for a disabled child.

Daniel turned nineteen on December 24, 2005. Although only Mr. Zellmann still had a minor child in his custody after that date, he did not ask this Court to modify or terminate his child support payments prior to the filing of Ms. Zellmann's instant motion. Rather, the parties stipulate that Mr. Zellmann continued to make child support payments after Daniel's nineteenth birthday in an amount equal to the sum ordered in the CSO.

Kayla graduated from high school on June 12, 2009. One month and eighteen days later, on July 30, 2009, Ms. Zellmann filed the instant Motion to Modify Child Support, seeking an increase in Mr. Zellmann's child support obligation as he no longer had custody of a minor child. In her motion, Ms. Zellmann contends that pursuant to Virginia Code § 20-124.2(C), Mr. Zellmann's support payments for Daniel should continue notwithstanding his age, because Daniel is disabled, unable to live independently, and currently resides with Ms. Zellmann. Mr. Zellmann filed his plea in bar in response, arguing that the CSO terminated when all three children reached the age of majority, and, consequently, this Court lacks jurisdiction to consider Ms.

Zellmann's motion. Ms. Zellmann responds that this Court has jurisdiction pursuant to Code § 20-124.2(C), which grants courts jurisdiction to modify child support obligations for disabled children over the age of nineteen, and also because the parties agreed to extend this Court's jurisdiction in the PSA by incorporating the language from Code § 20-124.2(C).

Parties may extend a court's jurisdiction to provide for or modify child support for a child of any age if the parties (1) contract to extend such jurisdiction; (2) while the court has jurisdiction to order or modify child support for that child; and (3) the agreement is incorporated into a court order. *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979). However, as this Court finds herein that it has jurisdiction to continue and modify its support order for Daniel pursuant to Code § 20-124.2(C), it is not necessary to determine whether the parties' PSA also provided the Court with continuing jurisdiction to so modify its prior order.

## II. *Analysis*

In Virginia, a plea in bar is a defensive pleading that "shortens litigation by reducing it to a distinct issue of fact which, if proven, bars [a party's] right of recovery." *Tomlin v. McKenzie*, 251 Va. 478, 480, 468 S.E. 882, 884 (1996). The burden of proof rests on the party asserting the plea. *Id.* A plea in bar can be utilized to seek dismissal of a claim on the ground that the court lacks subject matter jurisdiction. *E.g., Dynasty Const. v. County Bd. of Arlington*, 73 Va. Cir. 428, (2007).

A court's jurisdiction to provide for or modify child support is purely statutory. *Cutshaw v. Cutshaw*, 220 Va. 638, 641, 261 S.E.2d 52, 54 (1979). A court always has jurisdiction to provide for or modify support for a minor child. *Shoup v. Shoup*, 37 Va. App. 240, 250, 556 S.E.2d 783, 788 (2001) (citing Va. Code § 20-108). Generally, absent a provision in a prior order extending jurisdiction, a child support order automatically terminates, and thus a court loses jurisdiction to modify that order, when the child covered by the order reaches the age of majority. *See* Va. Code § 20-124.2(C); *Cutshaw*, 220 Va. at 641, 261 S.E.2d at 54; *Eaton v. Eaton*, 215 Va. 824, 828, n. 3, 213 S.E.2d 789, 792, n. 3 (1975); *Robdau v. Commonwealth*, 35 Va. App. 128, 132, 543 S.E.2d 602, 604 (2001). However, where an "undivided child support award has been made for multiple minor children," a child support order remains in effect as to *every* child covered by that award until (1) the youngest child reaches the age of majority or is otherwise emancipated; or (2) either parent asks the court to modify the child support award to reflect that a particular child has reached the age of majority. *See*

*Shoup v. Shoup*, 34 Va. App. 347, 353, 542 S.E.2d 9, 12 (2001) (overruled *en banc* on other grounds) (citing *Eaton*, 215 Va. at 828, n. 3, 213 S.E.2d at 792, n. 3).

Further, the Virginia Code grants a court jurisdiction to "order the *continuation of support for any child over the age of 18* who is (i) severely and permanently mentally or physically disabled, (ii) unable to live independently and support himself, and (iii) resides in the home of the parent seeking or receiving child support." Va. Code § 20-124.2(C) (emphasis added). A court therefore has jurisdiction to modify a child support order if, by doing so, it is ordering a "continuation" of support for a child who meets the statutory disability criteria. The meaning of "continuation" depends on what the General Assembly intended by enacting Code § 20-124.2(C). *See Stanley v. Tomlin*, 143 Va. 187, 195, 129 S.E. 379, 382 (1925) ("it is essential that [a] statute be construed with reference to its subject matter, and the object sought to be obtained, as well as the legislative purpose of enacting it") (citation omitted).

"Legislative intent is to be determined by the words in the statute." *Herrel v. Commonwealth*, 28 Va. App. 579, 584, 507 S.E.2d 633, 636 (1998). Consequently, the Court turns to the dictionary definition of the word "continuation." According to Merriam-Webster Dictionary, "continuation" is defined as not only a continuous, uninterrupted period, but also as a "resumption after an interruption." Merriam-Webster Online Dictionary, continuation, available at http://www.merriam-webster.com/dictionary/continuation; see also Webster's New World College Dictionary, continuation, available at http://www.yourdictionary.com/continuation (defining "continuation" in part as "a taking up or beginning again after an interruption: resumption" and "a part or thing added to make something reach further or last longer; extension, supplement, sequel, etc."). While the words "continuance" and "continuing" might not encompass anything beyond an uninterrupted time period, the General Assembly is deemed to have chosen the word "continuation" over these other words for a reason, and this Court will therefore interpret the statute according to the word the legislature chose. See *Kane v. Szymczak*, 41 Va. App. 365, 372, 585 S.E.2d 349, 352-53 (2003) (quoting *Simon v. Forer*, 265 Va. 483, 490, 578 S.E.2d 792, 796 (2003) ("we presume that the legislature 'chose, with care,' the specific words of the statute[; t]he act of choosing carefully some words necessarily implies others are omitted with equal care").

Other sources buttress the conclusion that the term "continuation" is not limited to a wholly uninterrupted period. One treatise suggests that a court can order a continuation of child support so long as there was a "disability in existence at the time" the child reached the age of majority." Peter N. Swisher

et al., *Virginia Practice Family Law*, § 10:14 (2008-09 ed.). Additionally, while a parent's duty to support his or her child generally terminates once that child reaches majority, "there is an exception that the duty does not cease when the child is mentally or physically disabled at the time of reaching majority." *Frey v. Frey*, 33 Va. Cir. 191, 192 (1994). "The theory behind this exception is that the continuing disability prevents the child from becoming emancipated." *Id.* (quoting Noralyn O. Harlow, *Postmajority Disability as Reviving Parental Duty to Support Child*, 48 A.L.R. 4th 919 § 2[a] (1986)). Indeed, Virginia Code § 20-61 provides that a parent commits a misdemeanor if he or she "refuses or fails to provide for the support and maintenance of his or her child under the age of eighteen years of age, *or child of whatever age who is crippled or otherwise incapacitated* from earning a living[, the child] being then and there in necessitous circumstances." Va. Code § 20-61. Finally, there is a compelling public policy underlying a statute enacted to provide ongoing support for disabled adult children. By enacting Va. Code § 20-124.2(C), the General Assembly seemingly sought to ensure that if a minor disabled child was receiving support, that support would not necessarily terminate once the child reached the age of majority; nor would the entire responsibility for the continuing support of that child have to be borne by only one of the child's parents.

Nonetheless, Mr. Zellmann relies on the decision of the Fairfax County Circuit Court in *Smith v. Smith* and the Supreme Court of Texas in *Red v. Red* in support of his argument that "continuation" should be limited to an uninterrupted time period. In *Smith*, the Fairfax County Juvenile and Domestic Relations District Court entered a child support order that provided that the order would terminate once the child reached the age of majority. *Smith v. Smith*, 74 Va. Cir. 378 (2007). As the child may have been disabled, the order further provided that the parties would "review the child support obligation" once the child turned nineteen. However, once the child turned nineteen, the parties failed to review the child support order, and the father stopped paying child support. Six months and six days later, the mother first filed a pleading in a subsequent divorce case asking this Court to address the issue of support for the child. At trial, over one year after the child reached the age of nineteen, the mother first asked this Court to order the father to pay child support. This Court rejected her request, holding that it lacked jurisdiction to order child support for a child over nineteen because the previous order had already terminated. *Id.* In so doing, this Court implicitly rejected the argument that "continuation" under Virginia Code § 20-124.2(C) could encompass an interruption of such an extended period of time. *See id.*

In its ruling, the *Smith* court relied on *Red v. Red*, a 1977 Supreme Court of Texas decision in which a divorce court ordered child support for a disabled child in the mother's custody until the age of eighteen. *Red v. Red*, 552 S.W.2d 90, 91 (Tex. 1977). When the child turned eighteen, the father voluntarily continued making child support payments, but stopped them when the child turned twenty-six. *Id*. The mother then asked the court to modify the child support order to provide for continuing support, relying on a then existing Texas statute that stated: "[i]f the court finds that the child . . . [is disabled] and will not be able to support himself, the court may order that payments for the support of the child shall be continued after the eighteenth birthday." *Id*. at 91, 92 (citing Tex. Fam. Code Ann. § 14.05). The Supreme Court of Texas held that the trial court lacked jurisdiction to order child support because the mother had failed to request continued child support prior to the child's eighteenth birthday. *Id*., at 92. The court emphasized that if it held otherwise, a request for child support could be made throughout the lifetime of an adult who was once the subject of a child support order. *Id*. The controlling Texas statute in *Red* was subsequently superseded. The Texas Code now provides that a court may order, *"regardless of the age of the child,"* support for a disabled child "for an indefinite period" "if the disability exists, or the cause of the disability is known to exist, on or before the 18th birthday of the child." Tex. Fam. Code Ann. §§ 154.001(a)(4), 154.302(a), 154.305(a)(1) (emphasis added). Mr. Zellmann asserts that the underlying rationale of these two decisions should be dispositive in this case. The Court finds that Mr. Zellmann's reliance on these two decisions is misplaced.

First, *Smith* is distinguishable on its facts because in that case, this Court refused to find a "continuation" of child support when six months and six days had passed between the termination of the Juvenile Court's support order and the date that the wife first filed a pleading requesting child support in the Circuit Court in a totally separate case. Here, in contrast, only one month and eighteen days passed between the date that the child support obligation terminated and the date that Ms. Zellmann filed the instant motion in the same Circuit Court proceeding. As the CSO required monthly child support payments, this period actually encompassed only one missed payment.

Further, *Red* is distinguishable due to the jurisdictional differences between the Virginia and Texas statutes. The controlling Texas statute then stated that, if a child *"will not* be able to support himself," a court may order that child support payments "shall be continued *after* the eighteenth birthday." *Red*, 552 S.W.2d at 92 (emphasis added). The phrase "will not be able" refers to the future and thus contemplates a court entering an order *prior* to a child's eighteenth birthday. In contrast, the Virginia statute provides that the court

"may order the *continuation* of child support *for any child over* the age of eighteen," contemplating that a court could potentially enter an order *subsequent* to the child's eighteenth birthday. Va. Code § 20-124.2(C) (emphasis added).

Additionally, the concern in *Red* that a parent could face a renewed obligation to pay child support for a child well over the age of majority would be unfounded in Virginia, as the term "continuation" in Va. Code § 20-124.2(C) only encompasses a *brief* period of interruption. The definition of "continuation" as a "resumption after an interruption" connotes only a brief break in continuity. Merriam-Webster Dictionary defines "interrupt" as "to break the uniformity or continuity of," for example, "a hot spell occasionally interrupted by a period of cool weather." Merriam-Webster Online Dictionary, *interrupt, available at* http://www.merriam-webster.com/dictionary/ interrupt; *see also Webster's New World College Dictionary, interrupt, available at* http://www.yourdictionary.com/interrupt (defining "interrupt" as "to break into or in upon (a discussion, train of thought, etc.)"). Therefore, a court orders the "continuation" of child support within the meaning of Va. Code § 20-124.2(C) when the court modifies the existing child support order either before or shortly after the support order otherwise terminates.

In this case, Mr. Zellmann paid child support pursuant to the CSO, which provided for an undivided child support award for multiple minor children. Mr. Zellmann's child support obligation did not automatically terminate upon Daniel's nineteenth birthday, as Kayla was still a minor child covered by the CSO, and did not otherwise terminate before Kayla's high school graduation, as Mr. Zellmann did not seek a support modification before her graduation. *See Eaton,* 215 Va. at 828, n. 3, 213 S.E.2d at 792, n. 3. Thus, Mr. Zellmann's support obligation to Daniel under the CSO could not have terminated before June 12, 2009, when Kayla, the youngest child covered by the CSO, graduated from high school. On July 30, 2009, only one month and eighteen days after this date, Ms. Zellmann filed her Motion to Modify Child Support, properly requesting a continuation of child support pursuant to § 20-124.2(C). Therefore, this Court retained jurisdiction pursuant to Virginia Code § 20-124.2(C) to order and modify support for Daniel. Clearly, this Court's jurisdiction to order any support for Daniel at this time is conditioned upon a finding at the hearing on Mrs. Zellmann's modification motion that Daniel is, in fact, "disabled" as contemplated in Va. Code § 63.2-124.2(C).

III. *Conclusion*

This Court has jurisdiction over Ms. Zellmann's Motion to Modify Child Support because a gap of one month and eighteen days does not preclude this Court from ordering the "continuation" of child support pursuant to Virginia Code § 20-124.2(C). Accordingly, and for the reasons set forth above, Mr. Zellmann's plea in bar is overruled.